Daniel L. G. Frobisher, Respondent, v. Fifth Avenue Transportation Company (Limited), Appellant, Continued in the Name of Daniel T. Hoag, Receiver, etc.

1. Negligence — Construction of Omnibus. An omnibus is not rendered defective, so as to render a carrier liable for negligence in case of the injury of a passenger, by the use of a step with an open instead of a closed back, where it appears that both kinds of step are in general use, that each may have its advantage and disadvantage, and that no accident of the character of that in suit has before occurred by reason of the use of the open-back step.

2. Appeal — Evidence — Objection to Pleading Avoidable Below. In an action for damages for a personal injury, an exception to the introduction of evidence as to the plaintiff's income from his business before and after the injury, based solely upon the ground that an allegation in the complaint was too general to admit proof of special damages, is not available on appeal, when the defendant might have had the complaint made more specific on motion, if desired.

Frobisher v. Fifth Ave. Trans. Co., 81 Hun, 544, reversed.

(Argued December 23, 1896; decided January 19, 1897.)

Appeal from a judgment of the General Term of the Supreme Court in the first judicial department, entered November 24, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Irwin* for appellant. The court erred in admitting evidence that plaintiff suffered loss of any income, except what he may have lost by reason of his absence from his business in consequence of being confined to his house on account of the injury he received. (*Marks* v. *L. I. R. R. Co.*, 3 N. Y. S. R. 562; *Masterton* v. *Village of Mt. Vernon*, 58 N. Y. 391; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 276.) The court erred in denying the motion to dismiss the complaint and in permitting the case to go to the jury, inasmuch as the plaintiff was guilty of contributory negligence. (*Hunter* v. *C. & S. V. R.*

R. Co., 126 N. Y. 18; *Myers* v. *N. Y. C. & H. R. R. R. Co.*, 68 N. Y. S. R. 818; 88 Hun, 619.) The court erred in refusing to charge that it was not negligence on the part of the defendant or its servants not to stop the stage in Twenty-third street where it crosses Fifth avenue. (1 S. & R. on Neg. 16, 493, §§ 15, 284; *Veeder* v. *Vil. of Little Falls*, 100 N. Y. 343; *Carpenter* v. *City of Cohoes*, 81 N. Y. 21; Smith on Neg. [Am. ed.] 104; *Dixon* v. *Bd. of Works*, L. R. [7 Q. B. Div.] 418.) The court erred in not charging that there is no proof that the step of the stage, or the stage itself, was in any way defective. (*Lafflin* v. *B. & S. W. R. R. Co.*, 106 N. Y. 136; *Crocheron* v. *N. S. S. I. F. Co.*, 56 N. Y. 656; *Loftus* v. *U. F. Co.*, 84 N. Y. 455; *Tonkins* v. *N. Y. F. Co.*, 47 Hun, 562; *Dougan* v. *C. T. Co.*, 56 N. Y. 1; *Race* v. *U. F. Co.*, 138 N. Y. 644; *McCaldin* v. *Parke*, 142 N. Y. 564; *Burke* v. *Witherbee*, 98 N. Y. 562; *Reiss* v. *N. Y. S. Co.*, 128 N. Y. 103.)

*J. Tredwell Richards* for respondent. The admission of evidence tending to show the loss of plaintiff's earnings in his business was not erroneous. (*Ehrgott* v. *Mayor, etc.*, 96 N. Y. 276; *Walker* v. *E. R. Co.*, 63 Barb. 260.) The denial of the defendant's motion to dismiss the complaint was not erroneous. (*Morrison* v. *B. & S. A. R. R. Co.*, 130 N. Y. 166; *Eppendorf* v. *B. C. & N. R. R. Co.*, 69 N. Y. 195.) The court properly refused to charge the defendant's request, namely, that there is no proof that the step of the stage, or the stage itself, was in any way defective. (*Lafflin* v. *B. & S. W. R. R. Co.*, 106 N. Y. 141; *Boehncke* v. *B. C. R. R. Co.*, 3 Misc. Rep. 49.)

Haight, J. This action was brought to recover damages for a personal injury.

On the 14th day of October, 1889, the plaintiff was standing upon the west side of Fifth avenue, in the city of New York, just south of Twenty-third street; he signaled the driver of a Fifth avenue omnibus to stop, and the driver there-

upon pulled up his horses and nearly stopped the 'bus. Whilst it was moving slowly the plaintiff stepped aboard, taking hold of the handle at the side of the door. Whilst standing upon the step, and before entering the 'bus, the driver started ahead, and the plaintiff's body was jerked backward. At that instant his foot slipped from the step under the body of the 'bus, his hold upon the handle loosened, and he fell backwards, striking upon the pavement, causing the injuries for which this action was brought.

It was, among other things, charged in the complaint that the stage, or omnibus, was negligently constructed and unfit for carrying passengers, and that such negligence caused his fall. At the conclusion of the trial the defendant requested the court to charge : " That there is no proof that the step of the stage, or the stage itself, was in any way defective." To this the court replied : " You have the evidence in regard to what might have been done with known appliances with respect to the step." To this the defendant entered an exception. It was not claimed that the stage, or omnibus, was in any way defective other than in the construction of the step by which it was entered. There was but one step, twenty-two inches long and about sixteen inches wide ; it was held in position by two large braces, one on each end, and there was a corded rubber covering the step. The back of the step was open and not closed. The charge of negligence is based upon this opening. One of the witnesses testified that the open step was used for large cities, and another that he had never seen a stage with a solid back to its step, except the hotel coaches. It is quite apparent from the testimony given that both kinds of steps are in general use, and that each may have its advantage and disadvantage. With the solid back step there would be no danger of the foot slipping through and catching under the 'bus, but it would be more liable to fill with mud and snow in traveling over the streets, and thus cause the foot to slip forward. It did not appear that any accident of the character of this had before occurred by reason of the use of the open-back step. We think, there-

fore, that the defendant was not chargeable with negligence by reason of its use of the open step, and that its use did not render the omnibus defective. (*Crocheron* v. *N. S. S. I. F. Co.*, 56 N. Y. 656; *Loftus* v. *U. F. Co. of B.*, 84 N. Y. 455; *Lafflin* v. *B. & S. W. R. R. Co.*, 106 N. Y. 136.)

An exception was taken by the defendant to the introduction of evidence as to the plaintiff's income from his business before and after the injury. The objection to this evidence, however, was made upon the ground that special damages were not pleaded in the complaint. It was not objected to upon the ground that damages of this character were not competent, or that they were remote or speculative. The complaint did allege interference with his prosecution of his business, from which he suffered damages. The allegation is quite general to become the foundation for the awarding of special damages, but the defendant could have had it made more specific upon motion had it so desired. The objection having been confined to the pleading, we think the question as to whether damages of that character could, in any event, be awarded, is not now raised for our consideration.

But, upon the exception taken to the refusal of the court to charge as requested, the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except BARTLETT, J., not voting.

Judgment reversed.