McCREADY v. STATEN ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. INJURIES—EXCESSIVE DAMAGES—EVIDENCE.
In an action for injuries, plaintiff, a man 65 years old, who was a passenger on defendant's railroad when a collision occurred, testified that he was thrown from his seat onto his left side; that he immediately felt pain in his spine, back, and side, which had since been continuous; that a month later he developed hernia; that he suffered from insomnia; that his left leg was partly paralyzed; and that he was unable to work. Other evidence showed that the hernia and paralysis were probably permanent, and that plaintiff, up to the time of the accident, had been in perfect health and vigor, but afterwards became broken down. *Held* to sustain

a verdict of $3,500 damages for negligence, though it appeared, also, that by reason of age plaintiff had suffered impairment of the heart, lungs, liver, and blood vessels, and so was more apt to be severely injured than a younger man.

2. SAME—RAILROAD COLLISION—SEVERITY—EVIDENCE.

Evidence in an action for injuries to a passenger that on the happening of a railroad collision there was "a smash," "a severe shock," "a bang," and "a bang again," and that the passengers were thrown down or cast across the car, is sufficient to sustain a finding that the collision was severe enough to cause plaintiff's injuries, though it also appeared that no panes of glass in the car were broken, and that other passengers were uninjured.

3. SAME—HERNIA—CAUSE—EVIDENCE.

In an action for injuries, it appeared that a physician called to attend plaintiff on the day after the accident found only a bruise on his hips and a discoloration in the lumbar region, near the spine. Defendant's expert evidence showed that, while a hernia might develop some time after a fall or blow, yet an intense pain at the time of the traumatism was a necessary symptom, and there was evidence that plaintiff had not always complained of such pain. Two of plaintiff's expert witnesses testified that in their opinion the accident caused plaintiff's hernia, and that protrusion was noticed about a month after the accident; and plaintiff himself testified that he had had continuous pain in his right abdominal side since the accident. *Held*, that such evidence sustained a finding that the accident caused the hernia.

4. VERDICT—CONFLICTING EXPERT EVIDENCE—APPEAL.

A verdict based on conflicting expert medical testimony will not be disturbed on appeal.

5. INJURIES—LEFT SIDE—RAILROAD COLLISION—DIRECTION OF FALL—PHYSICAL LAW—EVIDENCE.

Where, in an action for injuries to a passenger, there is positive testimony that he fell on his left side in a railroad collision, that the passengers "fell in a heap," and that the car "banged twice," and plaintiff's attending physician found evidence of an injury near the spine, on the left side, and an injury to the left leg, and there is expert evidence that the accident was a sufficient cause for paralysis of the leg, and that the accident "had something to do with the leg," such evidence sustains a finding that injuries to plaintiff's left side were caused by the collision; there being no physical law determining absolutely that, under the circumstances, plaintiff must have fallen on his right side.

6. SAME—PARALYSIS OF LEG—BLOW ON SPINE—EVIDENCE—RELEVANCY.

In an action for injuries to plaintiff's left leg, expert medical evidence showed that during plaintiff's examination by the witness "he began to quiver, and the more he was directed to put his knee outward, the more the quivering increased"; that such quivering was a symptom of lack of spinal force or a lack of reflex power in the leg; and that the common medical term for such a condition is "railroad spine." Such evidence also showed that the most likely cause of loss of flesh, loss of memory, and pains in the back and down through the left leg, in one injured as plaintiff had been, would be the direct blow against the spinal column. It also appeared that immediately after the accident plaintiff had suffered pain in the spine, and his attending physician had found concussion in the lumbar region, and a slight paralysis leading down into the knee, and a bluish discoloration near the spine. *Held*, that such evidence was relevant and admissible, as tending to show that the cause of plaintiff's injured leg was a blow to his spine.

7. SAME—MEDICAL EXPENSE—ALLEGATIONS OF DAMAGE—AMENDMENT.

An allegation in a petition for injuries that plaintiff "was put, and will still be put, to much expense in the treatment of the said injuries," was sufficient to permit proof of medical expenses as an item of damage, and hence the granting of an amendment during the trial to permit such proof was not erroneous.

8. SAME—TRIAL COURT—DISCRETION.

An amendment during trial to a petition for injuries, to permit proof of medical expenses as an item of damage, is within the sound discretion of the court.

9. PHYSICIAN AND PATIENT—EVIDENCE—PATIENT'S STATEMENT—ADMISSIBILITY.

Where, in an action for injuries, the evidence shows that plaintiff's witness had been called in consultation by plaintiff's attending physician, had been informed of the treatment and prescriptions, and had given his opinion thereon and ordered treatment for the future, such evidence sufficiently establishes the relation of physician and patient between the witness and plaintiff, so as to render admissible the witness' recital of plaintiff's statements of his present pain and other symptoms at the time of the witness' examination of him, though the witness stated that he expected compensation at a fixed rate per diem.

10. HYPOTHETICAL QUESTION—OBJECTION.

An objection to a hypothetical question, "in so far as it implies or assumes that plaintiff got any blow on the spine," was not well taken, where the language of the question was, "a blow near the spine, and to the left of the spine, in the lumbar region."

Appeal from trial term, Richmond county.

Action for injuries by George B. McCready against the Staten Island Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

George M. Pinney, Jr., for appellant.

E. T. Lovatt, for respondent.

JENKS, J. The defendant admitted liability for negligence, and the jury rendered a verdict for $3,500. The defendant insists that the verdict is excessive and contrary to the weight of evidence, and that there are harmful errors in the rulings of the court. Its contention over the amount of the verdict is based upon exaggeration of the injuries. The plaintiff, a man of about 65 years, was a passenger in defendant's car when a collision occurred. He testified that thereupon he fell or was thrown from his seat, upon his left side; that he immediately felt pain in his spine and in his back and side; that the pain is continuous; that about a month thereafter he developed hernia; that he suffers from insomnia; that his left leg is partly paralyzed; and that he is unable to work. There is testimony that the hernia and paralysis are permanent. He stated that previous to the accident, throughout life, he had been free from ills, so that he had never been kept an hour indoors or from his business. Several witnesses state that before the accident the plaintiff was stout, hale, and sprightly, but after it he became slow, stooping, and broken down. If the jury believed that this suffering, disease, change, and incapacity were caused by the accident, I think the amount of the verdict does not warrant the assumption that it represents aught but the jury's judgment of compensation. The plaintiff's physicians say that, besides his hernia and paralysis, he suffers the impairments of heart, lungs, liver, and blood vessels incident to old age, and the learned counsel argues therefrom that this old man would naturally be injured more than a younger man.

Granting this, the argument has, alone, no force against the amount of these damages, unless $3,500 is the highest sum that the courts will recognize as legal compensation for such injuries when suffered by a man in his prime. Otherwise, the jury might have awarded a larger sum to this plaintiff had he been 40, and free from the blight of time.

It is also contended that it is not shown that the accident was the cause of the injuries. It is said that there is no evidence that the collision "was heavy," in that no panes of glass in the car were broken, and others of the passengers were uninjured. But several passengers testify that upon collision there was "a smash," "a severe shock," "a bang," and "a bang again," and that they or others were thrown down or cast across the car.

There was a clash of the physicians who testified concerning the hernia. It is true that the attending physician, on the day after the accident, found only a bruise on the hips, and a discoloration in the lumbar region, near the spine, and that his prescriptions then called for alteratives and sedatives. The physicians called by the defendant testify that, while a hernia might develop some time after a fall or blow, yet an intense pain at the time of the traumatism is a necessary symptom, and there was some evidence that the plaintiff had not spoken or testified on all occasions of such a pain. On the other hand, a physician called by the plaintiff testifies that the fall or blow was, in his opinion, the producing cause of his disease; and another physician, who concurred in that opinion, also testifies that he noticed protrusion about a month after the accident. The plaintiff testifies that he has continuous pain in his right abdominal side since the accident. The defendant's physician admitted that it was possible that protrusion might not appear for some time after the blow or fall that might have been the efficient cause thereof. Thus, there was testimony which, if credited, warranted the finding that this accident caused the hernia. Merely because the finding accords with the views of one set of physicians, and not with those of the other set, we cannot test the verdict by weighing the medical testimony or by arraying the physicians; for the jury determined the fact upon the evidence, which only included these opinions to the extent that it believed and valued them.

The learned counsel for the defendant also contends that, by physical laws, the plaintiff should have fallen to the right, and that therefore injury to the left side or to the left leg was impossible. But there is positive testimony that he fell on his left side, that the passengers "fell in a heap," that the car "banged twice," and that the attending physician found evidences of the injury near the spine on the left of the back, and an injury to the left leg. I cannot conceive of any physical law that absolutely determines the direction or course of a living person under such circumstances. He is the victim of opposite forces, of probably different power. He does not remain inert, and positively subject to any single force. He may resist or counteract in degree one or both of the forces. The direction of the plaintiff may have been towards the right, and his own impulsive resistance may have sent him to the left. The field

of speculation is wide, and there is no positive law so paramount as to warrant the jury to disregard the positive testimony, nor to justify an inference in the authority of such precedents as Fox v. Le Comte, 2 App. Div. 61, 37 N. Y. Supp. 316, affirmed in 153 N. Y. 680, 48 N. E. 1104. So far as the paralysis itself is concerned, the physicians of the plaintiff testify that the accident was a sufficient cause, and one of the defendant's experts stated that he thought that the accident "had something to do with the leg."

It is also insisted that the court erred in admitting any evidence of injury to the spine. The plaintiff complained that he was hurt and injured "in his leg and body, and internally, and suffered, and still suffers, severe and intense pain, and became, and still is, sick and lame;  *  *  *  that, in particular, the plaintiff, as a consequence of the said injuries, is afflicted with a severe case of hernia, and is badly injured in the leg," etc. The learned counsel for the defendant calls our attention to the testimony of the attending physician, taken under objection, that he had treated other cases of affection of the spine, and states in his printed points:

"If the evidence as to the injury to the spine had been confined and limited as only being proved for the purpose of showing that it was the cause of the paralysis in the leg, defendant's objection might not have been well taken; but throughout the case the jury were allowed to take into consideration, as an independent element of damage, the pain and injury to the spine."

In my opinion, the references of counsel to the record do not establish his proposition, but, rather, the premise of his concession, namely, that any evidence of injury to the spine was only proved "for the purpose of showing that it was the cause of the paralysis in the leg." We are first referred to the testimony of a physician who was describing his examination of the plaintiff:

"He [the plaintiff] began to quiver, and, the more I directed him to put his knees outward, the more this quivering increased. That is a symptom of lack of spinal force. That is the mildest term I can give it,—'lack of reflex power in the leg.' The common term used in medicine for that, within the last twelve years, has been known as 'railroad spine.'"

I read in this testimony a diagnosis of the disease of the leg as due to a lack of spinal force, and I think it was admissible in explanation of the disease, and as accounting for the cause thereof. The second citation refers to a question as to the experience of a physician in cases of railroad spine. The third citation points to this part of a hypothetical question "has lost in flesh, has lost in memory, the pains in the back from the spine down through the left leg still continuing"; and to the answer to that question, that "the most likely cause is the shock,—the direct blow against the spinal column." The subject of the inquiry was not an injury to the spine, but the cause of the injuries pleaded. We are further referred to a question as to the effect of blows in or near the spine. The plaintiff had testified without objection that immediately after the fall he had suffered pain in the spine,—in his back,—and the attending physician had found concussion in the lumbar region, slight paralysis leading down into the knee, and a bluish discoloration near the spine. The theory of the plaintiff was that he was injured near his spine when

he struck or fell on his back, so that paralysis of his leg followed. The testimony that makes mention of the spine was in explanation of cause and effect, not to establish any injury to the spine itself as an effect of the accident. To exclude this testimony, when its purpose is evident from the context, would be to shut out the medical reasoning that connected the blow near the spine with the paralysis of the leg. No claim was made for any injury to the spine, no evidence was offered that tended to include such injury in the elements of damage, and the learned court charged the jury to consider only the injuries then specified by him, and specifically pleaded in the complaint.

It is urged that the court erred in admitting evidence of the medical expenses. The plaintiff complained that he "was put, and will still be put, to much expense in the treatment of his said injuries." The reference is plain enough, and the statement was probably sufficient to afford notice to the defendant of the claim. Frobisher v. Transportation Co., 81 Hun, 544, 30 N. Y. Supp. 1099, affirmed in 151 N. Y. 431, 45 N. E. 839; Popp v. Railroad Co., 7 N. Y. Supp. 249; Cleveland v. Steamboat Co., 7 N. Y. Supp. 28. If the allegation was too general, the defendant, on motion, could have had it made more specific. Frobisher v. Transportation Co., supra. The learned court stated that it had permitted an amendment, and the record sustains the court, inasmuch as counsel for plaintiff, in effect, made application therefor early in the trial, when he asked permission to prove such item of damage. If the evidence was admissible under the original complaint, the amendment made upon trial, or made and thereafter formulated by order, did not prejudice the defendant. Radley v. Connell, 79 Hun, 603, 607, 29 N. Y. Supp. 813. And the amendment was within the sound discretion of the court. Laufer v. Furnace Co., 84 Hun, 311, 32 N. Y. Supp. 362.

The counsel for plaintiff put this question to Dr. Lesser, a physician called by the plaintiff:

"Now then, I want you to go on and state what was said by the patient in response to your questions."

Defendant's counsel said:

"Let him be confined to what he found. We cannot be bound by what this patient said. This gentleman is put on as an expert."

The objection was overruled, and defendant excepted. The witness answered:

"He said from a certain day that he suffered intense pain in his back, a feeling as if he could not move his limbs as he desired to, and a certain coldness in his limbs. He also complained of pain in his right side, above (that is, in the groin), and in the left side below the groin (that is, anteriorly,—the fore part of the body). At the same time the pain was more extensive on the left side of his back, he claimed, than it was on the right."

It is evident that this statement is not a narration of past suffering, not then existing, but of the then subjective symptoms of the plaintiff, and is therefore not objectionable as hearsay. I think that the testimony fairly establishes that the relation of the plaintiff and Dr. Lesser at the time of this examination was that of patient and

physician. Dr. Lesser had been called in consultation by the permission of the attending physician, and had seen the patient four or five times. He was informed of the treatment and of the prescriptions. He gave his opinion on the treatment in the past, and not only advised, but ordered, the treatment of the future. He advised a surgical operation. He did not take the patient out of the hands of the attending physician, but such is not the function of the consulting physician, as implied in the very term. I am of opinion that as this particular testimony of the physician related to the statements of the present condition, pain, and suffering of the patient, made to his physician with a view of treatment, it is therefore admissible, under the rule laid down in Davidson v. Cornell, 132 N. Y. 228, 30 N. E. 573. Counsel for the defendant cites the record to establish the fact that Dr. Lesser was an expert, in that he stated that he expected compensation at a fixed rate per diem. Conceding this, I think that it does not change the rule; for the question is as to the relation that existed between the witness and the patient at the time the testimony in question was elicited by the witness. Matteson v. Railroad Co., 35 N. Y. 487, 491; Davidson v. Cornell, supra; Kent v. Town of Lincoln, 32 Vt. 591. In Matteson v. Railroad Co., supra, the court say:

"Such complaints and representations are original testimony, and not hearsay. 1 Greenl. Ev. § 102. This is the case, notwithstanding the examinations referred to were made by the physicians after the suit was commenced, and with a view to their testifying therein as to the result of their examinations. It does not appear that the patient knew that such was their object, and, if she did know it, the jury were to judge whether her representations were false, or her testimony collusive. Werely v. Persons, 28 N. Y. 344; Brown v. Railroad Co., 32 N. Y. 600."

The exception to a hypothetical question under the objection thereto, "so far as it implies or assumes that this plaintiff got any blow in the spine," did not exactly state the terms of the question, which were, "a blow near the spine, and to the left of the spine, in the lumbar region." The plaintiff had testified that after the accident he had suffered pain "immediately in the spine here, in my back here (indicating)," and the physician testified that he had found concussion in the lumbar region. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.