## WHITAKER v. STATEN ISLAND MIDLAND R. CO.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

STREET RAILROADS—NEGLIGENCE—INJURY TO PASSENGER—INSTRUCTIONS.

Where, in an action against a street railroad company for injuries sustained by plaintiff by being thrown from an open car at or near a curve, —the guard rail along the side of the car being up at the time,—it was shown by uncontradicted evidence that the sole object of the rail was to prevent persons from boarding or leaving the car on that side, it was error to instruct the jury that the object of the bar was for their consideration, and they must determine whether, if down, it would have contributed to plaintiff's safety.

Hirschberg, J., dissenting.

Appeal from trial term, Kings county.

Action by Katharine V. Whitaker against the Staten Island Midland Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Warren C. Van Slyke (George M. Pinney, Jr., on the brief), for appellant.

Hector M. Hitchings, for respondent.

WILLARD BARTLETT, J. The complaint alleged that on June 13, 1899, while the plaintiff was a passenger on one of the defendant's trolley cars, she was precipitated from the car into the street by the gross negligence of the defendant, its agents or servants, and thereby sustained serious and permanent injuries. The proof showed that the plaintiff fell or was thrown from the left side of an open car, at or near an abrupt curve in the track, after the car had passed the usual stopping place without stopping. The lady was standing at the time, and had her arm around her little boy, to prevent him from falling from the seat in front of her. She testified that: "There was no guard rail down on this car. There was none down on that occasion." It is not necessary to discuss all the features of the case, as we are of opinion that error was committed in leaving the jury at liberty to pronounce the defendant negligent simply by reason of the raised position of the side bar at the time of the accident. The jury in this case were permitted to predicate negligence upon the fact that at the time of the accident the side bar on the left side of the car was up. The evidence

was all one way as to the purpose for which the side bar was provided. It was a movable rail, designed when down to prevent persons from boarding or leaving the car on that side, not to prevent passengers from falling out; and so the learned trial judge substantially instructed the jury in the body of his charge. Later, however, at the request of plaintiff's counsel, he told them that the reason and object of this guard rail was entirely a matter for their consideration, and that "they must determine for what purpose it was put there, and whether, if down or up, it would contribute to the safety or nonsafety of the plaintiff." I think that the exception to this instruction requires a reversal of the judgment. The instruction left the jury free to find that the defendant could be deemed negligent simply because it did not have the side bar lowered at the time when the plaintiff fell off or was thrown off the car, since it is tolerably plain that she could not have fallen off if the bar had then been down. This would have been correct if the purpose of providing the bar had been to guard against the falling out of passengers; but, in view of the uncontradicted evidence that such was not the purpose, the jury should not have been told, as they were told, in substance, that they might infer otherwise, and hold the defendant responsible for the plaintiff's fall solely because the bar was up, instead of down.

Judgment and order reversed and new trial granted; costs to abide the event. All concur, except HIRSCHBERG, J., who dissents.