KATHARINE V. WHITAKER, Appellant, *v.* STATEN ISLAND MIDLAND RAILROAD COMPANY, Respondent.

*Physical examination of a plaintiff in a negligence case — when made on stipulation, a new examination will not be ordered — waiver of a statute or constitutional provision.*

A party may waive a rule of law, or a statute, or even a constitutional provision enacted for his benefit or protection where it is exclusively a matter of private right and no considerations of public morals are involved, and having once done so he cannot subsequently invoke its protection.

While section 873 of the Code of Civil Procedure, relative to the physical examination of a plaintiff in an action for personal injuries, contemplates that the physician making the examination shall be appointed by the court, if, under a stipulation of the parties, the examination is made by a physician nominated by the defendant, the latter waives his right under the statute and is not entitled, after such physician has, without objection, testified concerning the results of the physical examination upon two trials of the action and is still available as a witness, to have another physical examination of the plaintiff made by a physician appointed by the court.

APPEAL by the plaintiff, Katharine V. Whitaker, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 18th day of June, 1902, denying the plaintiff's motion to vacate an order for the personal and physical examination of the plaintiff before trial.

*Hector M. Hitchings* [*Lynn W. Thompson* with him on the brief], for the appellant.

*M. L. Ryan*, for the respondent.

WOODWARD, J. :

The complaint in this action, brought to recover damages for a personal injury alleged to have been sustained by the plaintiff while a passenger on one of the defendant's electric cars in Richmond county, was served on the 17th day of August, 1899. On the 31st day of October in the same year an order of the Special Term was made for the personal and physical examination of the plaintiff before trial, as provided by section 873 of the Code of Civil Procedure. Upon the service of this order plaintiff procured an order to show cause why said order "should not be modified so as to confine the examination of the plaintiff to an examination of her person by a female physician without the presence of any other parties except the physician for the plaintiff." Upon the return day of the last order, plaintiff's attorney stipulated in open court that defendant might have a physical examination of the plaintiff by a female physician at her residence, and the order previously made was thereupon, by consent of the parties, vacated. On the 18th day of November, 1899, pursuant to the said stipulation, Dr. Sarah A. Clock, defendant's physician, in the presence of Dr. Pocock, plaintiff's physician, examined plaintiff for a length of time necessary to make a complete and proper medical examination, and on the 4th of June, 1901, the case came to trial, Dr. Clock testifying as an expert witness fully to plaintiff's condition at the time of her examination, and to the fact that she was allowed every facility for making such examination. At the same trial plaintiff was upon the stand as a witness and testified upon direct and cross-examination as to the nature and extent of her injuries. In a like manner Dr. Pocock, plaintiff's family physician, and Dr. Stearns, an expert, testified to the injuries and the symptoms of the plaintiff. The trial resulted in a verdict in favor of the plaintiff, which, upon appeal, was reversed upon an error in the charge to the jury. The action was retried on the 6th day of December, 1901, resulting in a dismissal of plaintiff's complaint. Dr. Clock again testified upon this trial, being examined without objection, and plaintiff was exam-

ined and cross-examined as to her symptoms, so that the defendant has had all of the advantage of a physical examination before trial, and has twice had the plaintiff upon the stand for cross-examination, and has fully exercised its right in this respect. The judgment of non-suit was reversed upon appeal, the court fixing the rule of law governing the case upon a future trial, and the case was restored to the day calendar on the 10th day of June, 1902, and was answered ready up to the sixteenth day of June, when plaintiff's attorney was handed a copy of the affidavit and order staying the trial of the action until a personal and physical examination of the plaintiff could be had before a referee. Plaintiff moved at once to vacate this order, but the motion was denied in all respects except that the stay was vacated; and it is from this order directing a personal and physical examination of the plaintiff that this appeal is taken.

We are clearly of opinion that the defendant, under the circumstances disclosed by the papers before us, is not entitled to this examination. The order which the plaintiff sought to have vacated, and which is the one that is practically involved in this appeal, appoints Dr. Mary Fleckels as the physician who is to examine the plaintiff, although it appears by the papers before us that Dr. Clock, who examined the plaintiff under a stipulation, and who has twice testified as a witness in the case, is still living, and no suggestion is made that she is not available as a witness. It is true, of course, that the statute contemplates the appointment of a physician by the court, but where the defendant has waived this right, and a physician of its own nomination has been permitted to examine the plaintiff, and has testified without objection, it may not properly discard such testimony and ask the court to permit an entirely new examination. The provisions of the Code of Civil Procedure in reference to examinations before trial were intended as an extension of the privileges of defendants in actions for personal injuries, but the rule is well settled that a party may waive a rule of law, or a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public morals are involved, and having once done so he cannot subsequently invoke its protection. (*Mayor, etc., of New York* v. *M. R. Co.*, 143 N. Y. 1, 26, and authorities there

cited.) We are of opinion that the defendant, having once waived the right to an examination by a physician appointed under the order of the court, may not now seek to take advantage of the provisions of section 873. The general purpose of the enactment was to change a rule of the common law (*Lyon* v. *M. R. Co.,* 142 N. Y. 298, 302), and it ought not to be extended beyond the clearly expressed intention of the Legislature, which, while not expressly limiting the examination to a single occasion, makes no provision for more than one examination, and this is before trial. There can be no chance for a surprise; the record of two trials abundantly shows the extent of the injuries and the scope of the evidence, while the defendant's physician who made the original physical examination is in a position to testify to all of the matters which were revealed by that examination. The principal claim of the plaintiff, as may be gathered from the papers before us, is that the injuries have resulted in traumatic neurasthenia, and this is a matter which may be determined quite as accurately from the testimony which must be brought out on the part of the plaintiff and her witnesses under cross-examination as by any mere physical examination four or five years after the accident. The defendant has had all of the advantages of the provisions of section 873 of the Code of Civil Procedure; it has, by accepting a physical examination under the stipulation of the plaintiff, waived any right to have another physician appointed by the court for the same purpose, and in view of the vigorous discussion of the court in the case of *Lyon* v. *M. R. Co.* (*supra,* 306), we are forced to conclude that considerations of public policy, as well as the interests of the plaintiff, demand that this order should be reversed.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to set aside the order for the second examination should be granted, with costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion to set aside the order for the second examination granted, with costs.