of placing this kind of property in the street. That property of this nature is not the subject of assessment for benefit has been recently decided by Mr. Justice Scott (Matter of Anthony Ave., 46 Misc. Rep. 525, 95 N. Y. Supp. 77), and for the reasons expressed by him, with which I am in agreement, my conclusion is that the objections to the assessments in question should be sustained.

Report sent back to commissioners for further consideration as to award for damage parcel No. 60, and as to assessments for benefit as indicated. In other respects, report confirmed. Ordered accordingly.

---

(109 App. Div. 356.)

ORLANDO v. SYRACUSE RAPID TRANSIT RY. CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

1. DAMAGES—PERSONAL INJURIES—PHYSICAL EXAMINATION.
    Code Civ. Proc. § 873, provides that in an action to recover damages for personal injuries, where defendant shall present satisfactory evidence that he is ignorant of the nature of the injuries complained of, the court shall order a physical examination to be made, etc. *Held* that, where an order for a physical examination was made on an affidavit failing to suggest that a physical examination had already been had at defendant's request, with plaintiff's consent, and without any order, the justice properly vacated the order, on an affidavit showing such previous examination; there being nothing to dispute the same, nor excusing defendant's omission to show the fact in the original affidavit.

2. SAME—EVIDENCE.
    Where, on an issue of damages for personal injuries, it appeared that plaintiff had consented to a physical examination at defendant's request, it was not error to exclude evidence offered by defendant of plaintiff's refusal to submit to a second examination.

3. EVIDENCE—STATEMENTS MADE TO PHYSICIAN.
    In an action for injuries, statements made to plaintiff's physician two days after the accident, and about a month prior to the action brought, that he was suffering from sleeplessness, loss of appetite, nausea, vomiting, and exhaustion, made to enable the physician to treat plaintiff, were admissible.

    [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 486; vol. 20, Cent. Dig. Evidence, §§ 383, 384.]

Appeal from Trial Term, Onondaga County.

Action by Nicholas Orlando, an infant, by Frank Orlando, his guardian ad litem, against the Syracuse Rapid Transit Railway Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial on the minutes, and from an order setting aside an order for a physical examination of the plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Gannon, Spencer & Michell, for appellant.
Thompson, Woods & Smith, for respondent.

WILLIAMS, J. The judgment and orders should be affirmed, with costs.

The action is to recover damages for personal injuries claimed to have been the result of defendant's negligence. Upon the trial the

only question tried was the extent of plaintiff's injuries and the amount of damages to be recovered.   Before the trial an order for the physical examination of the plaintiff was obtained ex parte under section 873 of the Code of Civil Procedure.   The affidavits upon which the order was made showed, as required by subdivision 4, § 872, that the defendant was ignorant of the nature and extent of plaintiff's personal injuries.   Section 873 provides that:

"In any action brought to recover damages for personal injuries, where the defendant shall present to the court or judge satisfactory evidence that he is ignorant of the nature and extent of the injuries complained of, the court or judge shall order that such physical examination be made," etc.

There was no suggestion in the affidavits that a physical examination had already been made at the request of the defendant, with plaintiff's consent, without any order therefor.   Thereafter the plaintiff's counsel presented to the justice who made the order an affidavit showing such former examination, and after hearing counsel upon both sides the justice vacated the order made by him for a physical examination on the ground that it had been improvidently granted.   No affidavit appears to have been made, in answer to the one presented to the justice, disputing the fact of the former examination, or excusing the omission to show that fact in the affidavits upon which the order for an examination was made.   Under these circumstances we cannot say the order setting aside the former order was erroneously granted.   If it was claimed a second examination was necessary for any special reasons, the facts relating thereto should have been made to appear by the defendant, in the affidavits upon which the first order was granted or in answer to the application to set the same aside.

It was not error for the trial court to exclude evidence offered by defendant as to the refusal by plaintiff to submit to a second physical examination.   There was nothing in the attitude of the plaintiff, in view of what had occurred with reference to such examination, which could properly influence the jury on the trial, and the ruling was therefore properly made.

The evidence of Dr. McMorrow as to the statements made to him by the plaintiff was properly admitted.   In effect the plaintiff merely stated his then present condition; that he was suffering from sleeplessness, loss of appetite, nausea and vomiting, and exhaustion.   The doctor was plaintiff's attending physician, and the statements were made to enable the doctor to treat the plaintiff.   The accident occurred December 29, 1904.   These statements were two days later, and this action was not commenced until January 31, 1905.   In view of these facts, the evidence was competent and admissible under the case cited by both sides.   Davidson v. Cornell, 132 N. Y. 228–236, 30 N. E. 573. See, also, McCready v. St. Is. El. R. R. Co., 51 App. Div. 338–343, 64 N. Y. Supp. 996.

The verdict, $1,000, we cannot say is excessive.

Judgment and orders affirmed, with costs.  All concur.