HARRY LEAS, an Infant, by MARY LEAS, His Guardian ad Litem, Plaintiff, *v*. NEW YORK AND ALBANY LIGHTERAGE COMPANY, and Others, Defendants.

Supreme Court, New York County, September, 1922.

Practice — examination of party before trial — when second physical examination of plaintiff in negligence action permitted.

Under section 306 of the Civil Practice Act an order for a second physical examination of the plaintiff in an action to recover for personal injuries may be granted for good cause shown.

Where before the service of the answer plaintiff voluntarily submitted to a physical examination but it is obviously in the interests of justice that the facts concerning the progress of plaintiff's injuries and his present condition as set forth in his bill of particulars should be known, an order for a second examination of plaintiff will be granted.

MOTION for physical examination.

*Frederic W. Lahr,* for plaintiff.

*G. A. Maul,* for defendants Lambert Transportation Company, Inc., and M. P. Smith & Sons Company.

MARSH, J. This is a motion for an order directing a physical examination. The action was commenced in April, 1920. One week after service of the summons and complaint, and before service of the answer, the plaintiff submitted voluntarily to a physical examination by some physician whose name is not now disclosed and whose report showed some cranial and nervous injury not described in detail, but from which the defendant gained the impression that the fracture of the skull was slight and the nervous condition temporary. On April 29, 1922, an order was entered for a bill of particulars. In the bill served thereunder the plaintiff claims a very serious condition of his nervous system, damage to his right eye and ear and paralysis of the right arm and leg. His condition is described as of the present time.

The plaintiff contends that a physical examination should not be ordered now because of the voluntary examination two years ago. Nothing in the statute, however, expresses any such limitation upon the right granted. Civil Practice Act, § 306. The

necessity is shown by the claim put forth in the bill of particulars and it is obviously in the interest of justice that the facts should be known concerning the progress of the plaintiff's injuries and his present condition. The right to permit a second examination for good cause is recognized in *Orlando* v. *Syracuse Rapid Transit Railway Co.,* 109 App. Div. 356. There has been no waiver in open court or any disclosure of the plaintiff's condition by a previous trial, as in *Whitaker* v. *Staten Island M. R. R. Co.,* 76 App. Div. 351. Motion granted. Settle order on notice. The physician to make the examination will be named in the order.

Ordered accordingly.