ANNA SCHWEIZER et al., Plaintiffs, *v.* CITY OF NEW YORK. Defendant.

Supreme Court, Special Term, Kings County, April 5, 1954.

*Adrian P. Burke, Corporation Counsel* (*Alfred Duffy* of counsel), for defendant.

*I. Stanley Rosenthal* and *Frederick M. Garfield* for plaintiffs.

Moss, J. This is a motion by defendant, the City of New York, for an order directing plaintiff Anna Schweizer to submit to a physical examination by doctors of its choice. It appears that after an action had been commenced against defendant, plaintiff submitted to a physical examination by the medical examiner of the City of New York. Thereafter, on October 4, 1950, plaintiff was again examined by a doctor on behalf of the defendant. On November 30, 1950, an X ray taken by plaintiff of her left knee on March 1, 1950, was turned over to defendant's doctor, Dr. Loomis Bell, for study and interpretation. On March 1, 1954, when this case was assigned for trial, defendant requested and was granted another physical examination of plaintiff, to be held by a Dr. Peter J. Dulligan, an orthopedic specialist. Both Dr. Bell and Dr. Dulligan testified at the trial for defendant.

At its conclusion the jury brought in a verdict for plaintiff for a substantial sum. The court reduced the amount but plaintiff refused to accept the reduction and a new trial is to be held. In preparation for the second trial defendant now seeks a further physical examination of plaintiff.

Section 306 of the Civil Practice Act provides, in part, that " In an action to recover damages for personal injuries, if the defendant shall present to the court satisfactory evidence that he is ignorant of the nature and extent of the injuries complained of, the court, by order, shall direct that the plaintiff submit to a physical examination by one or more physicians or surgeons to be designated by the court or judge, and such examination shall be had and made under such restrictions and directions as the court or judge shall seem proper."

At the trial defendant's and plaintiff's doctors testified fully as to plaintiff's condition. Plaintiff herself testified upon direct and cross-examination as to the nature and extent of her injuries.

Defendant has had all the advantages of a physical examination before trial, in addition to cross-examination of plaintiff on the stand and has fully exercised its rights in this respect. In view of all these facts it cannot be said that defendant is so ignorant of the extent of plaintiff's injuries that it cannot properly defend the action without a further examination (*Whitaker* v. *Staten Island Midland R. R. Co.*, 76 App. Div. 351). Accordingly, the motion is denied. Settle order on notice.