Dome nick Gabrielli, J.
Defendant has made application for an order requiring the plaintiff, Helen Virginia MacLarty, to appear for examination by a neurologist and for a re-examination by the defendant’s doctor. The case has been tried once and has been sent back for a new trial.
The supporting affidavit made by defendant’s attorney states that this plaintiff had been examined by his doctor prior to the commencement of the action.
Upon the trial, the defendants doctor testified as did the plaintiff’s attending physician and specialist. Both were examined and cross-examined extensively and the plaintiff herself was subjected to interrogation as to her injuries and complaints.
Section 306 of the Civil Practice Act grants authority for physical examinations and it has been consistently held that an examination prior to the commencement of the action would not be a bar to a further examination after the action was begun. (Anthony v. Bradshaw, 282 App. Div. 851.) It must be shown, however, that the defendant is not acquainted with the seriousness of or extent of the injuries, in order to require a further examination.
*993 Section 306 of the Civil Practice Act authorizes the court to direct a physical examination of the plaintiff where “ the defendant shall present to the court satisfactory evidence that he is ignorant of the nature and extent of the injuries complained of ”. The statute does not limit the number of examinations to which the plaintiff can be subjected (Conforti v. Central School Dist. No. 3, 284 App. Div. 1084). Its clear purpose is to acquaint the defendant with the nature of the plaintiff’s injuries (Swiatlowski v. Kasprzyk, 3 A D 2d 261) and the number of examinations which may be held is that number which the court may find reasonably necessary to accomplish the purpose of the statute.
Basic to relief under the statute, though, is a showing by the defendant that he is ignorant of the nature and extent of plaintiff’s injuries (Yandoli v. Patrina, 8 A D 2d 748). Such a showing is not made here.
There is no showing here that the defendant is not fully acquainted with the nature and extent of the injuries complained of. As a matter of fact, the examinations above referred to and the testimony given on both sides at the time of the trial, reveal full and complete accounts of her injuries.
In Schweizer v. City of New York (205 Misc 623, 624-625) wherein a similar motion was made after a prior trial and before the second trial was commenced, the court, in commenting on the requirements of and authority contained in section 306 of the Civil Practice Act stated as follows: “ At the trial defendant’s and plaintiff’s doctors testified fully as to plaintiff’s condition. Plaintiff herself testified upon direct and cross-examination as to the nature and extent of her injuries. Defendant has had all the advantages of a physical examination before trial, in addition to cross-examination of plaintiff on the stand and has fully exercised its rights in this respect. In view of all these facts it cannot be said that defendant is so ignorant of the extent of plaintiff’s injuries that it cannot properly defend the action without a further examination (Whitaker v. Staten Island Midland R. R. Co., 76 App. Div. 351).” Accordingly, and in the discretion of the court, the motion is denied.