Benjamin Brenner, J.
The enactment of subdivision (b) of section 3121 of the Civil Practice Law and Rules, in effect on September 1, 1963, has been said to be a backward step because under that newly enacted provision there is no requirement for a compulsory exchange of medical reports. A plaintiff can avoid disclosing medical reports in his control where, on his physical examination by the defendant, he merely refrains from making any demand for the report of such examination. The section simply puts the onus upon the defendant seeking a physical examination to provide a copy of the report thereof to the party examined provided that it is exchanged for reports of plaintiff’s own physical examination which are in his control. The effect of this is that where a plaintiff desires the medical exchange after he is physically examined by his opponent’s doctor, he may have it, but the defendant has no similar choice — a palpable miscarriage of procedural justice which, in the light of the modern tendency for full disclosure is incomprehensible. However, the damaging effect of the omission has little practical significance in this Department, for under parts Four and Six of the Rules of the Appellate Division, Second Judicial Department, governing preferences effective September 1,1963 (in N. Y. L. J., Sept. 10, 1963, p. 9) (formerly article III of the Special Rules), plaintiff’s disclosure must be made to the court and his medical reports are therefore automatically viewable by the defendant in the court files, regardless of whether a medical exchange is sought by the latter.
In any case, said Rules of the Appellate Division relative to preference and preclusion procedures are not inconsistent with, affected or abrogated by the newly enacted Civil Practice Law and Rules provision aforesaid. It is to be noted that no change has been made in parts Four and Six of said Rules of the Appellate Division (formerly articles II and III of the Special Rules), which mandate an exchange of medical information and the procurement of a preference, the former implying service of plaintiff’s medical reports as the prerequisite for preclusion under part Four, Rule VIII of the new Rules of the Appellate Division (formerly article II, paragraph 8 of the Special Rules).
Accordingly, I shall continue ordering preclusion of defendants’ medical evidence for the reason set forth by me in Mack v. 842 Myrtle Ave. Realty Corp. (34 Misc 2d 177) in preference applications, whether submitted prior to or after September 1, 1963, wherein certificates of compliance pursuant to the new *476 Appellate Division Buies indicate that copies of plaintiff’s report have already been furnished and where the defendant’s report of plaintiff’s physical examination is not forthcoming following demand therefor.
Application for preference under part Six of the Buies of the Appellate Division is granted and the order therefor signed.