Richard D. Simons, J.
This is a motion for a protective order pursuant to CPLR 3122 requesting that a notice of demand for delivery of medical reports made by the plaintiff be vacated.
The defendant has examined the plaintiff physically pursuant to CPLR 3121, subd. (b). The plaintiff has served a written notice demanding an exchange of medical reports and has offered such reports as” he presently has to the defendant.
The defendant refuses to comply with that demand. He asserts that he is entitled to receive from plaintiff in exchange for his report (1) all medical reports in plaintiff’s possession, (2) current medical reports, if those presently offered are not current, and (3) if the plaintiffs receive additional medical treatment, copies of all further medical reports to be given to the defendant on receipt by the plaintiff.
The defendant has no such rights under the statute. While CPLR 3121 (subd. [b]) may seem to have halted the forward march of liberal pretrial disclosure techniques (cf. Fox v. City of New York, 40 Misc 2d 474 ; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3121.17 et seq.; 62 Col. L. Rev. 1438) it clearly requires only the exchange of those reports in the control of plaintiff at the time of the demand. The initiative in respect to exchanging reports rests wholly with the plaintiff. The defendant has no option in respect thereto except insofar as he may choose to demand a physical. If this is unfair, then the Legislature will have to change it.
It is conceivable that there might be circumstances where the defendant would wish and require supplemental information concerning the plaintiff’s condition. That option is available to him by way of a second physical examination. (Cf. Conforti v. Central School Dist. 284 App. Div. 1084; MacLarty v. Lortz, *120 33 Misc 2d 992.) If the plaintiff should demand a copy of that second report, I assume that the defendant would be entitled to any further medical reports in the possession of the plaintiff. However, in this instance, the defendant is requesting that the plaintiff build defendant’s medical file at plaintiff’s own expense. Such are not .his rights. The defendant’s motion is denied.