Charles Lambiase, J.
This is an application by the plaintiff in Action No. 1 above set forth “ for an order pursuant to Section 3124 and 3126 of the Civil Practice Law and Rules, compelling the defendant, The Georgia Marble Company to comply with plaintiff’s request for exchange of physician’s report, and directed that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of plaintiff; prohibiting the Georgia Marble Co. from opposing medical claims of plaintiff and supporting any opposing medical claims; from producing in evidence any medical testimony concerning the plaintiff, Paul Solea; from introducing any evidence of the physical condition of plaintiff; prohibiting defendant, The Georgia Marble Company from using Dr. Paul Garvey as an expert witness at the trials; striking out the answer of defendant, The Georgia Marble Company and rendering a judgment of default against defendant, The Georgia Marble Company, and for such other and further relief as to this Court may seem just and proper, together with the costs of this motion.” (Notice of motion.)
Defendant, the Georgia Marble Company, has heretofore had a physical examination of plaintiff by one, Dr. Paul Garvey. On the 27th day of February, 1964, plaintiff caused to be served upon the defendant, the Georgia Marble Company, a written notice dated February 26, 1964 requesting: “a copy of the detailed written report of the medical examination of plaintiff, by Doctor Paul Garvey, held on the 10th day of January, 1964, pursuant to stipulation of the attorneys for the plaintiff and defendant, The Georgia Marble Company; and that upon receipt thereof and in exchange therefor, you will be furnished a copy of the reports of Doctors Lester T. Gootnick, Fred W. Geib and Joseph Y. McDonald, who previously treated said plaintiff.” Thus far defendant has failed to comply.
Defendant’s failure to comply is based on its contention that it is entitled to receive from plaintiff, in exchange for its report: (1) all medical reports presently in plaintiff’s possession ; (2) current medical reports if those presently offered are not current; (3) a commitment for an opportunity for a further physical examination of plaintiff jnst before trial in the event that plaintiff intends to produce medical testimony concerning his mental or physical condition as it is at such time just before *558 trial in the event that such condition has changed in any respect since the examination or examinations covered by medical reports already furnished by the plaintiff; and (4) an exchange of copies of all further medical reports received by either side up until the time of the trial.
Plaintiff’s position is that CPLR 3121 (subd. [b]) requires the delivery by the defendant to plaintiff of the medical report requested by plaintiff upon plaintiff exchanging therefor a copy of each report of an examination made with respect to the mental or physical condition in controversy in his control at the time of plaintiff’s request. We agree with plaintiff’s position as to the construction to be given the statute in this respect. Benedict v. Misener (45 Misc 2d 119).
As was said in Benedict v. Misener (supra, pp. 119, 120): “It is conceivable that there might be circumstances where the defendant would wish and require supplemental information concerning the plaintiff’s condition. That option is available to him by way of a second physical examination. (Cf. Conforti v. Central School Dist., 284 App. Div. 1084; MacLarty v. Lortz, 33 Misc 2d 992.) If the plaintiff should demand a copy of that second report, I assume that the defendant would be entitled to any further medical reports in the possession of the plaintiff.”
Motion of the plaintiff must be and hereby is granted unless a copy of the detailed written report of defendant’s examining physician, Dr. Paul Garvey, requested by plaintiff, setting out his findings and conclusions, be delivered by defendant to plaintiff in exchange for the delivery by plaintiff to defendant of a copy of each report presently in his control of an examination of plaintiff made with respect to plaintiff’s mental or physical condition in controversy, then and in such event the motion must be and hereby is denied.