Jacob J. Schwartzwald, J.
The moving. defendants, Bay Bidge Sanitarium, Inc. and “Mary” Pratt, seek an order pursuant to CPLB 3124 to compel plaintiff to submit to a physical examination before a designated doctor; (b) to direct plaintiff to comply with the other provisions contained in the annexed notice; (c) that upon plaintiff’s noncompliance with the court’s mandate, her complaint, as to movants, be ordered stricken.
The action is to recover damages for alleged injuries resulting from the malpractice of the defendants.
The moving papers uncontrovertedly show that on July 28, 1965 defendants, pursuant to CPLB 3121, served a notice on plaintiff’s attorney for the physical examination of the plaintiff on the day, time and place set forth therein; that plaintiff failed to appear on the date set and movants were informed by plaintiff’s attorney that she “would refuse to honor the aforementioned notice of examination and that she would not be produced pursuant to said Notice ”.
*319 Plaintiff opposes the motion, contending (1) that part IV of the Buies of the Appellate Division, Second Department, which refers to ‘ ‘ Physical Examinations and Exchange of Medical Information” specifically excepts actions for medical or dental malpractice; and (2) that movants’ failure to move to strike the case from the calendar within 20 days after service of the “ Statement of Beadiness ” as mandated by rule III of part VII of the Buies of the Appellate Division, is fatal, and the motion should therefore in all respects be denied.
The moving defendants, however, claim that CPLB 3120 and CPLB 3121 supersede said local rules, and assert that neither 3120 nor 3121 of the CPLB contains any exception or exclusion nor does there appear a time limitation for the service of the subject notice.
The court has considered fully the plaintiff’s objections and concludes they lack merit. Albeit the Special Buie for the courts in all counties within the Second Judicial Department adopted by our Appellate Division and effective March 1, 1962 which excludes medical or dental malpractice from the requirement that parties in personal injury actions shall exchange such information, and the exclusion is continued in part IV of the present rules effective September 1, 1963, Griffin v. Jewish Hosp. of Brooklyn (20 A D 2d 563) would indeed be controlling, were it not for CPLR 101.
As here pertinent, such latter section provides: ‘1 The civil practice law and rules shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute. ’ ’
In support of their position, movants cite the case of Kromanik v. Twiss (44 Misc 2d 627) which expressly stated that “ CPLB takes precedence over the rules.” Since the statutes (CPLB 3120, 3121) apply to an action in which the physical condition is in controversy, and malpractice actions are neither excluded nor excepted; therefore, in furtherance of the policy to reveal, rather than conceal the facts the court concludes that movants are entitled to the relief sought. “ In reaching this conclusion, I am mindful of the decision of the Appellate Division, Second Department, in Griffin v. Jewish Hospital of Brooklyn (20 A D 2d 563, 246 N. Y. S. 2d 115), and the desirability of uniformity of practice in the courts ivithin the City of New York. However, in Griffin (supra), the appeal was from an order made before the effective date of CPLB, and there is no indication that CPLB 3121(b) was considered.” (Hale v. *320 St. Vincent’s Hosp. of City of N. Y., N. Y. L. J., May 26, 1964, p. 17, col. 8.) (Emphasis supplied.)
The court agrees with the holding that the CPLR governs the procedure in civil judicial proceedings in all courts of the State and before all Judges, and finds that such statute takes precedence over the Special Rules of the Supreme Court, which it is clear are confined to and effective only within the borders of the local Judicial Department and, as here pertinent, exclude exchange of medical information in malpractice cases. “ CPLR 3121 provides for complete disclosure, on service of notice, of all hospital records. This is in accord with present practice in the First and Second Departments.” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac. par. 3121.14.)
In sum, plaintiff, having failed to seek a protective order or otherwise timely object to the defendants’ notice of physical examination, may not now raise objection as to it (CPLR 3122).
The motion is accordingly granted as prayed for. Let the order to be submitted inter alia contain the safeguard as to the plaintiff’s doctors’ opinions as indicated in the moving affidavit and reply affidavit; further, if the parties fail to agree on the requisite dates, the court will fix same.