Arnold L. Fein, J.
At a conference on January 16, 1967, at the time this case came on before me for trial, defendant applied orally for a further physical examination of the plaintiff, conceding that its doctor, John Loverme, had examined the plain *242 tiff on November 25, 1963. The argument of counsel developed that there was a serious question as to whether even at that date plaintiff was suffering from the severe permanent personal injuries alleged by him. The court attempted to obtain agreement between counsel for a further physical examination by a doctor agreed upon by the parties. The parties having failed to agree, the court directed, over plaintiff’s objection, that a further physical examination be held. The court is now signing an order designating a doctor and directing such examination, in the interests of justice.
The serious injuries claimed by plaintiff, which his attorneys insist are permanent, make such an examination necessary, in the interests of justice. Although the authorities are in conflict, as to the right to direct a second physical examination where there has been a prior examination, the authority of the court to do so where a serious injury is claimed and the court requires guidance would seem to state the better rule. (Benedict v. Misener, 45 Misc 2d 119; Conforti v. Central School Dist., 284 App. Div. 1084; Lane v. Hunt, 26 Misc 2d 63; see Swiatlowski v. Kasprzyk, 2 Misc 2d 707, revd. on other grounds 3 A D 2d 261.)
Section 306 of the Civil Practice Act expressly authorized the court to order a physical examination by a court-designated physician in a proper case. CPLR 3121 does not contain such express provision, providing as it does for examination on notice without requiring an order. Rule XI of part 1 of the Bronx and New York County Supreme Court Rules, implementing CPLR 3121 and detailing the procedure for obtaining physical examinations and exchange of medical information, establishes a Medical Report Office (rule XI, subd. 12). It authorizes the court to direct a physical examination by an impartial medical expert where it would be of “ material aid to the just determination of the case ’ ’. I have been advised that the facilities of that office are unfortunately not available to this court. Although the usual case in this court may not necessitate the services of such an office, the present case would seem to warrant a similar procedure. Accordingly, the court is designating a physician of its own choice. The value of impartial medical findings is undoubted. (See Swiatlowski v. Krasprzyk, supra.) A second examination by an impartial doctor would be of material aid here (rule XI, supra; Conforti v. Central School Dist., supra). A second physical examination is warranted under the circumstances. (Benedict v. Misener, supra, and cases previously cited.)
*243 There was and remains a dispute between the parties as to whether the plaintiff has furnished copies of its medical reports to the defendant. .Plaintiff is now directed to do so (Jurist v. Herts Corp., 48 Misc 2d 278; Jacobs v. Peress, 23 A D 2d 483, and see same case 24 A D 2d 746).