Joseph Life, J.
Upon the foregoing papers it is ordered that this motion for an order striking the defendant’s answer because of his failure to furnish a copy of his physician’s report of examination of the plaintiff is granted unless said report is served within 10 days from the date of the service of a copy of this order upon the attorney for the defendant.
The defendant, in resisting the application, urges that since he has no intention of calling his physician to testify, the only sanction to which he is subjected is that provided by rule VIII of part 4 ¿now part 5 as amended) of the Rules of the Appellate Division, Second Department; that is, that he will be precluded from offering the physician’s testimony. In making that argument he overlooks the fact that the rules made by the Appellate Division for the regulation in this Judicial Department of physical examinations and exchange of medical information (part 4, supra) were not made solely for the benefit of the litigants and their attorneys but the court itself had an interest in seeing to it that there was disclosure so that the orderly administration of justice would be served. Rule III of the same part 4 recites that the examining physicians ’ reports ‘ ‘ shall be served ’ ’ and while it is true that the court in its discretion may refuse to hear the testimony of a physician whose report has not been served, the court may, under rule X, on the application of any party, compel compliance with the rule.
The attitude of the court finds expression too in the CPLR which states that generally there shall be full disclosure of all facts material and necessary in prosecution or defense of an action (CPLR 3101, subd. [a]). CPLR 3121 which provides for the examination of a party in any action in which his physical condition is an issue and for the exchange of medical reports is applicable to the situation here. The availability of the report of an examining physician to the plaintiff has been recognized in this Department (Gugliano v. Levi, 24 A D 2d 591, 592; see, also, Solea v. New York Cent. System, 46 Misc 2d 556). We conclude, therefore, that there is authority both in the rules of this Department and in the Civil Practice Law and Rules for the direction here made. It may be noted that it has been held that the CPLR would in an appropriate case supersede the rules in the Department (Mackey v. Holy Family Hosp., 52 Misc 2d 770; Fiore v. Bay Ridge Sanitarium, 48 Misc 2d 318).