Arthur E. Blyn, J.
Plaintiff moves for an order precluding defendant from offering at trial any testimony or medical report of Dr. Arthur G. Ship. This is an action based on alleged malpractice of the defendant doctor.
Pursuant to an order of Justice Samuel R Rosenberg the plaintiff was examined by Dr. Ship on behalf of the defendant on March 7, 1974 at Dr. Ship’s office. On March 29, 1974 plaintiff wrote to the defendant requesting a copy of Dr. Ship’s report but received no response or report. Plaintiff, as a reminder, sent a copy of that letter to the defendant on November 5, 1974 with no response. Plaintiff wrote again on March 5, 1975 and again received no response. The case appeared on the trial calendar of this court on March 14, 1975 where the request for a copy of Dr. Ship’s report was made orally in the presence of the court. Defendant refused stating that plaintiff was not entitled to such report. The case was adjourned pending the making of the within motion and its determination by the court.
Plaintiff has not been examined or treated by any doctor with respect to the physical condition in controversy except by Dr. Ship and the defendant.
Defendant relies, in his opposition to the relief requested, on CPLR 3121 (subd [b]), the court rules pertinent to the exchange of medical reports, 22 NYCRR 660.11, and CPLR 3101 (subd [d]).
As to CPLR 3121 (subd [b]) the defendant is in error. This section requires only the exchange of those medical reports in the control of plaintiff at the time of the demand. (Benedict v Misener, 45 Misc 2d 119; Solea v N. Y. Cent. System, 46 Misc 2d 556.) In this case the plaintiff has no medical reports to exchange. His only treatment was by the defendant doctor *658 and his only examination was by Dr. Ship on behalf of the defendant, a copy of whose report plaintiff has sought in vain to secure. Plaintiff is therefore not barred from his right to a copy of Dr. Ship’s report by defendant’s reliance on CPLR 3121 (subd [b]).
As to the court rules, 22 NYCRR 660.11, defendant points to the specific exclusion of actions for medical malpractice from the medical exchange rules. Again the defendant is in error, at least as to the state of affairs as of today’s date. There was a time when this exclusion was effective. These rules however have been superseded by CPLR 3121, and are no longer controlling. (Fiore v Bay Ridge Sanitarium, 48 Misc 2d 318; Pipers v Rosenow, 30 AD2d 690.)
Finally the defendant turns to his last argument, to wit: that the report of Dr. Ship is protected under CPLR 3101 (subd [d]) as "material prepared for litigation”. The court is of the opinion that such medical report is not within the ambit of that section. To hold otherwise would be to totally negate the purpose of CPLR 3121 dealing with the medical exchange rules. If CPLR 3101 (subd [d]) precludes the availability of medical reports, of doctors examining on behalf of defendants, to plaintiffs — why the need for CPLR 3121 and the medical exchange rules?
Motion is granted to the extent that if the defendant does not serve a copy of Dr. Ship’s medical report on the plaintiff within 10 days from the date of service of a copy of this order with notice of entry defendant shall be precluded from offering at trial any testimony or medical report of Dr. Arthur G. Ship, and this without further order of the court.