J. Robert Lynch, J.
The defendants move for a physical examination of the plaintiff who states that he has already been examined on their behalf and will not consent to another unless it is done in the presence of one of his own doctors with the report being furnished his attorney.
Section 306 of the Civil Practice Act authorizes the court to direct a physical examination of the plaintiff where ‘ ‘ the defendant shall present to the court satisfactory evidence that he is ignorant of the nature and extent of the injuries complained of ”. The statute does not limit the number of examinations to which the plaintiff can be subjected (Conforti v. Central School Dist. No. 3, 284 App. Div. 1084). Its clear purpose is to acquaint the defendant with the nature of the plaintiff’s injuries (Swiatlowski v. Kasprzyk, 3 A D 2d 261) and the number of examinations which may be held is that number which the court may find reasonably necessary to accomplish the purpose of the statute.
Basic to relief under the statute, though, is a showing by the defendant that he is ignorant of the nature and extent of plaintiff’s injuries (Yandoli v. Patrina, 8 A D 2d 748). Such a showing is not made here.
The ground for relief asserted is that defendants ’ doctor has examined plaintiff and reported negatively on certain injuries which plaintiff later specifically alleged in his bill of particulars. This is a matter not of ignorance but of contradiction. The statute does not authorize further physical examination when the defendant’s physician examines for and disagrees with the nature and extent of the injuries which plaintiff claims, nor do we believe that, under these circumstances, authorization may be found in Anthony v. Bradshaw (282 App. Div. 851).
Whereas the conditions proposed by plaintiff for the second examination would be untenable if the defendants established their right to such an examination (Swiatlowski v. Kasprzyk, supra), in the absence of such a right, the conditions may be imposed.
The motion is denied unless defendants consent to have the plaintiff examined in the presence of one of his own doctors with the report being furnished to his attorney.
The doctor to examine and the date of examination, if held, have been agreed upon.