Edward S. Conway, J.
This is a motion by the defendants for an order pursuant to CPLR 3121 and 3124 compelling the plaintiff Josephine Muscolino to appear in Baltimore, Maryland at Johns Hopkins Hospital for a physical examination by Dr. Frank B. Walsh of said hospital.
Plaintiff Josephine Muscolino claims to be blind or nearly blind as the result of an automobile accident on September 21, 1968 when she allegedly was struck by an automobile owned by defendant Protective Loan Corp. and operated by defendant Alford E. Freedman. Plaintiff has been treated by specialists in the fields of ophthalmology and neurology. The defendants, pursuant to sections 3121 and 3124, had the plaintiff examined by Dr. J. Ernest Mincey on December 18, 1968 and by Dr. A. Griswold Ostrom on December 16,1969.
Defendants contend in their moving papers that there is a sharp question existing in the minds of the medical men who have examined plaintiff Josephine Muscolino concerning the nature and extent of her injuries. These differences of opinions as set forth in the various medical reports which are attached to defendants’ moving papers also concern whether her affliction is permanent, temporary, irreversible or curable. It is further alleged by the movants, that Dr. Frank B. Walsh of Johns Hopkins Hospital is considered to be one of the world’s great authorities in the very specialized field of neuro-ophthalmology and has available to him in Baltimore at Johns Hopkins many consultants in allied fields and superior technological facilities. It is also pointed out by movants that Johns Hopkins has interpreters which would help to alleviate a language barrier between the plaintiff Josephine Muscolino and her previous attending and examining physicians.
Plaintiff contends that the statute to which a right of physical examination is guaranteed to a defendant did not contemplate repeated examinations and that the defendants are unreasonable in requesting that the plaintiff travel such a distance to Baltimore, Maryland, to be examined by a physician who bears no special credentials that cannot be found in physicians in the tri-city area.
The serious injuries claimed by plaintiff Josephine Muscolino, which her attorney insists are permanent, make an examination demanded by defendants, herein necessary, in the interests of justice.
Although the authorities are in conflict as to the right to direct a further physical examination where there have been prior examinations, the authority of the court to do so where a serious *996 injury is claimed seems to state the better rule. (Benedict v. Misener, 45 Misc 2d 119; Conforti v. Central School Dist., 284 App. Div. 1084; Lane v. Hunt, 26 Misc 2d 63.)
The moving papers set forth sufficient reasons for a third examination and moreover the statute expresses no limitation on the number of examinations permitted. (CPLR 3121; Conforti v. Central School Dist., supra.) The clear purpose of the statute is to acquaint the defendants with the nature of the plaintiff’s injuries (Lane v. Hunt, supra; Swiatlowski v. Kasprzyk, 3 A D 2d 261).
The motion for a further physical examination of Josephine Muscolino is denied, however, unless the defendants consent to pay all transportation and living costs for the plaintiff Josephine Muscolino, her attorney, and any member of her family whom she may choose to accompany her to Baltimore. Also, the court directs that a copy of the report by Dr. Walsh be furnished to the plaintiffs ’ attorney.