■ EDWARD GOLDMAN, Respondent, v. IRVING LINKOFF, Appellant.— In an action to recover damages for personal injuries, defendant appeals from two orders of the Supreme Court, Queens County, the first, dated May 3, 1973, denying his motion for further physical and neurological examinations and the second, dated October 19, 1973, denying his later motion in renewal of his request for the same relief and also to vacate plaintiff's notice to discover and inspect a certain record, and plaintiff's statement of readiness, and to strike the action from the calendar. Order of May 3, 1973, reversed, the above-mentioned original motion is granted to the extent that plaintiff is directed to submit to a neurological examination by the physician designated by defendant for that purpose and to submit to the taking of X rays by the physician designated by defendant for that purpose; the X rays shall be made available to plaintiff for inspection and a copy of the report made in connection with the X rays shall be furnished to plaintiff without charge to him; and this determination shall not be construed to require plaintiff to submit to a physical invasion of his body by a procedure in the nature of a myelogram. Appeal from so much of order of October 19, 1973 as denied defendant's renewed request for a neurological examination and a further physical examination dismissed as academic in view of the decision herein on the appeal from the order of May 3, 1973; and otherwise the order of October 19, 1973 is affirmed. Defendant is awarded a single bill of $20 costs and disbursements to cover both appeals. Plaintiff had been receiving treatment from defendant, a chiropractor, and on November 24, 1971 he allegedly sustained injuries during such treatment. Various severe injuries, including neurological ones, were claimed in plaintiff's bill of particulars. Thereafter, plaintiff was examined by a doctor chosen by defendant. Plaintiff asserted, however, that the rules relating to exchange of medical information did not require defendant to permit plaintiff to examine X rays which a doctor chosen by defendant would take. Accordingly, plaintiff refused to submit to X-raying. Further, this doctor also wanted plaintiff to submit to a neurological examination by another doctor, but plaintiff also refused this, claiming that one examination would have to suffice. It was error not to grant defendant's motions regarding X rays and the neurological exami-

nation. In the case of serious injury, it is perfectly proper to require a plaintiff to submit to more than one examination (*Marshall* v. *Vyziak*, 40 A D 2d 1051; *Muscolino* v. *Protective Loan Corp.*, 68 Misc 2d 994; 3A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3121.04). Here, the physician conducting the initial examination felt that a more thorough neurological examination was required. No reason was shown to support a denial of such an examination. It is well settled that X rays may be taken in connection with a medical examination (3A Weinstein-Korn-Miller, N. Y. Civ., Prac., par. 3121.06; *Feinberg* v. *Fairmont Holding Corp.*, 272 App. Div. 101). Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.