■ JORE MIOCIC et al., Respondents, v RUSSELL E. WINTERS et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Kings County, dated December 26, 1979, which denied their motion to reargue (actually a motion to renew) their application to conduct a second physical examination of plaintiff Jore Miocic by a different physician. Order reversed, with $50 costs and disbursements, defendants' motion is granted, and upon renewal, defendants' application to conduct a second physical examination of plaintiff Jore Miocic by a physician other than Dr. Murray Burton is granted. The examination shall take place at such time and place as shall be fixed in a written notice by the defendants of not less than 10 days, or at such time and place as the parties may agree. In 1974 this negligence action was commenced, it being alleged that plaintiff Jore Miocic (plaintiff) sustained serious physical injuries when he was struck by an automobile operated by the individual defendant in the course of his employment. In December, 1974 he was examined on behalf of the defendants by Dr. Murray Burton. The physician was apparently chosen by the attorneys who represented the individual defendant. A trial on the issue of liability resulted in a defendants' verdict. That judgment was reversed *(Miocic v Winters,* 66 AD2d 770) and upon remand plaintiffs prevailed. In May, 1979 the parties commenced preparing the issue of damages. The corporate defendant, represented by separate counsel, moved for an order directing the injured plaintiff to submit to a second physical examination. Plaintiffs' counsel submitted an affirmation in which he agreed to such an examination on condition that it be conducted by the same physician who originally examined plaintiff, i.e., Dr. Murray Burton. As so conditioned, the relief was granted. When defense counsel sought to arrange the second examination Dr. Burton allegedly revealed his close personal friendship with plaintiffs' attorney, his intense animosity for defense counsel, and his unwillingness to assist in the preparation of defendants' case. Dr. Burton further advised that he thought that a different physician should conduct the examination. Based upon such information, defendants brought the motion which resulted in the order now under review. In opposition, plaintiffs' counsel admitted his friendship with Dr. Burton, but contended that this would not interfere with the physician's professional responsibility to objectively report his findings and that Dr. Burton would, of course, comply with the court's directive that he examine plaintiff. Upon denial of the motion, defendants now appeal. Defendants' motion, although denominated as one for reargument, in fact constituted one for renewal and consequently may be appealed as of right (see *Roberts v Narcissus Boutique,* 72 AD2d 808). In the circumstances of this case, renewal and defendants' application should have been granted. In view of the alleged seriousness and

permanency of the injuries, as well as the substantial lapse of time since the original examination, a second examination may be properly conducted *(Goldman v Linkoff,* 45 AD2d 709; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3121.04). In the peculiar posture of this case, it is appropriate to allow defendants to have the second examination conducted by a different physician. Although there would be no real prejudice to plaintiffs, the potential prejudice to defendants is plain. No matter how objectively and thoroughly Dr. Burton might now act, such actions would necessarily be tainted with the appearance of bias and partiality. Defendants should not be compelled to rely upon a physician who is openly hostile to defense counsel and is a personal friend of plaintiffs' counsel. Lazer, J. P., Gibbons, Rabin and O'Connor, JJ., concur.