■ Lee Korolyk et al., Respondents, v Bruce Blagman et al., Defendants, and Ethel Svendsen, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant Ethel Svendsen appeals from an order of the Supreme Court, Nassau County (Kelly, J.), dated May 26, 1981, which denied her motion to vacate plaintiffs' note of issue and to strike their statement of readiness. Order affirmed, with $50 costs and disbursements. In this action, plaintiff Lee Korolyk seeks to recover damages for personal injuries sustained by her in a motor vehicle accident on November 26, 1977. The action was commenced on April 26, 1978, and issue was joined on or about May 12, 1978. Thereafter, following a request by the insurance carrier of the

defendant Svendsen, an orthopedic examination of plaintiff Lee Korolyk was conducted by Dr. Walter L. Bailey on behalf of the appellant on March 14, 1980 in Wilmington, Delaware, where he conducts his practice and the plaintiffs reside. All parties were furnished with copies of his medical report. On April 13, 1981, all parties were examined before trial, pursuant to an order dated February 4, 1981, and, on or about April 27, 1981, plaintiffs filed their note of issue and statement of readiness. About two and one-half months after the first physical examination, appellant's attorney, by letter dated May 28, 1980, requested plaintiff Lee Korolyk to submit to a further physical examination by Dr. Herbert Fett in Garden City, New York. There was no compliance with this request, and appellant moved to strike the action from the Trial Calendar, contending that, in order to have a medical witness available in Nassau County, "[t]he Defendant, SVENDSEN, cannot be ready to proceed to trial in this case until such time as the Plaintiff, LEE KOROLYK, has been examined by Dr. Fett in Nassau County. Nor is it possible to determine what other discovery might arise following receipt of the report by Dr. Fett, assuming that an examination is held." Although it may be perfectly proper, under certain circumstances, to require a plaintiff to submit to more than one physical examination under CPLR 3121 (*Goldman v Linkoff,* 45 AD2d 709), such further examination will be allowed only where there is shown to be a need for a more thorough disclosure of the plaintiff's physical condition, as, for example, where the report of the original physical examination is no longer reflective of the plaintiff's condition by reason of the long passage of time between the original physical examination and the trial following a reversal and remand for new trial, as in *Miocic v Winters* (75 AD2d 887), or where a monetary increase in the demand for judgment is sought upon a re-evaluation due to alleged greater severity of injury, as in *Robbins v Sperlazza* (72 AD2d 558) and *Hillenbrand v 3801 Review Place* (72 AD2d 554). (See, also, 22 NYCRR 672.7.) Essentially, the clear purpose of the statute (CPLR 3121) is to acquaint the defendant with the nature and extent of the plaintiff's alleged injuries for which damages are sought. Here, however, it is to be noted that the first physical examination was conducted in Wilmington, Delaware, by a physician of the appellant's choice in order to obtain a medical evaluation of plaintiff Lee Korolyk's injuries and in contemplation that the examining physician would provide the necessary expert testimony at the trial. There is no claim or showing here that Dr. Bailey's report is, in any manner, inadequate and not a reliable opinion concerning said plaintiff's physical condition. When a physician is selected to perform a physical examination for the purpose of litigation, such engagement is with the clear understanding and expectation that he will be available to testify on behalf of the party for whom he is conducting the examination. In view of appellant's counsel's concession that "I know that Delaware is not a far distant state, and the travel time is not that great", we find little basis for his concern that his witness will have difficulty attending the trial. Gibbons, J. P., Weinstein, Gulotta and Thompson, JJ., concur.