■ CANA MANAGEMENT CORPORATION, LIMITED, Respondent, v CAN-AM PROPERTIES, INC., Appellant, et al., Defendant. (And Another Action.) — Order unanimously affirmed, with costs (see *Pacific Lime v Lowenberg Corp.,* 77 AD2d 737). (Appeal from order of Erie County Court, La Mendola, J. — notice of pendency.) Present — Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.

■ In the Matter of WILFREDO GUZMAN, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent. — Appeal unanimously dismissed as moot. (Appeal from judgment of Supreme Court, Wyoming County, Sedita, J. — art 78.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.

■ JOYCE E. BUERGER et al., Respondents, v COUNTY OF ERIE, Defendant, and THOMAS AILINGER et al., Appellants. — Order unanimously reversed, without costs, and motion granted. Memorandum: In this negligence action, defendants appeal the denial of their motion for a third medical examination of plaintiff, or an order precluding his testimony. Plaintiff was first examined by defendants' medical expert on May 7, 1979, five months after the automobile accident underlying his claim. In July of 1979 defendants were advised via a supplemental bill of particulars that he was also suffering from a lumbar spondylosis. Following this new allegation, plaintiff was re-examined in May of 1980. Unknown to defendants, shortly after this re-examination, plaintiff was twice hospitalized, the second stay occurring from November 8, 1980 to November 22, 1980, during which time he underwent surgery for a herniated lumbar disc. A note of issue and statement of readiness were filed in May, 1981 by plaintiff's attorney and pretrial conferences held on November 17, 1981 and September 23, 1982, defendants still being unaware of plaintiff's surgery. On September 24, 1982 plaintiff served defendants with a supplemental bill of particulars, setting forth for the first time the additional hospitalization and the operation. ¶ Special Term abused its discretion in denying defendants' motion. CPLR 3120 (subd [a]) does not limit the number of examinations permitted in a personal injury action (*Miocic v Winters,* 75 AD2d 887; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3121.04). Where, as here, a serious, permanent injury is alleged, and a substantial change of circumstances has occurred, a re-examination should be permitted (*Miocic v Winters, supra; Goldman v Linkoff,* 45 AD2d 709; *Marshall v Vyziak,* 40 AD2d 1051; *Muscolino v Protective Loan Corp.,* 68 Misc 2d 994). Additionally, plaintiff's May, 1981 filing of a note of issue and statement of readiness is not a bar to re-examination because the additional surgery, under these circumstances, is a sufficient " 'special, unusual or extraordinary circumstance * * * spelled out factually' " to justify the relief requested (*Fuoco v Boyle Bros.,* 40 AD2d 943, citing *Price v Brody,* 7 AD2d 204, 206). (Appeal from order of Supreme Court, Erie County, Marshall, J. — preclusion order.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.