■ BRIAN KEANE, by His Guardian MICHAEL KEANE, et al., Respondents, v RANBAR PACKING, INC., Appellant, et al., Defendants.—In a negligence action, the defendant Ranbar Packing, Inc. (hereinafter Ranbar) appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated May 23, 1985, as denied those branches of its motion which were to depose the infant plaintiff, to depose the infant plaintiff's two brothers as nonparty witnesses, and for a further deposition of the plaintiff guardian Michael Keane.

On the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from so much of the order as denied that branch of its motion which was for a further deposition of the plaintiff guardian Michael Keane, said application is referred to Justice Eiber, and leave to appeal is granted by Justice Eiber.

Order modified, by deleting the provision thereof which denied that branch of Ranbar's motion which was for a further deposition of the plaintiff guardian Michael Keane, and substituting therefore a provision granting that branch of the motion to the extent of permitting a further deposition of Michael Keane on the limited issue of the family's medical history. As so modified, order affirmed insofar as appealed from, with costs to the appellant. Said deposition shall be conducted at a time and place set forth in a written notice of not less than 10 days to be given by the appellant, or at such time and place as the parties may agree.

The appellant failed to move to strike this case from the Trial Calendar within 20 days of service upon it of the note of issue (22 NYCRR former 675.3; now 22 NYCRR 202.21 [e]). Therefore, since its late motion failed to allege "unusual and unanticipated" circumstances or advance a showing of irreparable prejudice and merit to its defense by one with personal knowledge of the facts, no further discovery may be granted to the appellant (22 NYCRR former 675.7; now 22 NYCRR 202.21 [d]). In any case, the appellant has not shown that the additional discovery requested was material and necessary to its defense (see, e.g., Allen v Crowell-Collier Pub. Co., 21 NY2d 403).

The appellant is entitled, however, to a further examination as a continuation of a first examination of Michael Keane on the limited issue of the family's medical history, due to the conduct of the plaintiff's counsel in preventing this disclosure during Mr. Keane's first examination and his refusing to obtain a judicial ruling at that time (22 NYCRR former 675.6; now 22 NYCRR 202.21 [d]). Gibbons, J. P., Eiber, Kunzeman and Kooper, JJ., concur.