■ Maria Bonavita, Appellant, v Eugene Crudo et al., Respondents

The instant action was commenced by service of a summons and complaint in or about January 1982. The plaintiff allegedly sustained serious injuries in March 1981 as a result of a fall down a stairway located on premises owned by the defendants. According to the complaint, the negligence of the defendants consisted in maintenance of the doorsill, landing and stairway in a dangerous and defective condition, specifically "that the doorsill was raised above the floor level and adjoining same was a floor mat which was not fastened to the floor, the platform step was worn, cracked and uneven and there was no bannister or railing on the one side of the stairway". Issue was joined in or about May of 1982, and a note of issue and statement of readiness, which indicated that all necessary discovery had been completed, was filed on September 15, 1983. Thereafter, in February 1985 four years after the accident and almost 1½ years after she filed her note of issue and statement of readiness, the plaintiff moved

for an order directing that the defendants permit access to their premises for the purpose of inspecting and measuring the doorway and sill where the accident occurred. This motion was denied on February 28, 1985 (Roncallo, J.), on the ground that once a statement of readiness has been filed, pretrial discovery may not be granted absent a showing of special circumstances. Although present counsel was substituted for the plaintiff's original attorneys in March 1985, no appeal was ever taken from that order.

The case was then set down for trial on October 24, 1985 before Justice Harwood. On that occasion, the trial court noted that the case had been set down for trial on 33 occasions. The plaintiff, however, applied to the court to mark the case off the calendar so that she might move for an order permitting her to inspect and measure "the alleged defective step or riser". The trial court denied the request on the ground that the unappealed order of Judge Roncallo constituted the law of the case, and that the plaintiff's motion to take the case off the calendar was nothing more than an attempt to evade the effect of that order. The court then directed the plaintiff's counsel to commence jury selection, but he declined to do so, stating that if he tried the case without the desired discovery he would lose on the merits. The order should be affirmed.

The trial court here clearly did not abuse its discretion in directing that the case be dismissed if the plaintiff failed to proceed. As no appeal had been taken from the order of Judge Roncallo, it became the law of the case and the trial court was bound thereby. Nevertheless, the trial court gave the plaintiff every opportunity to proceed with her action, but the plaintiff voluntarily elected not to go forward. Faced with this refusal, the trial court directed that the complaint be dismissed, and we decline to disturb the exercise of its discretion. While we are not bound by the order of Judge Roncallo, which is not presently before us for review, we note that the plaintiff utterly failed to demonstrate the existence of "unusual and unanticipated" circumstances which must be shown before a party may be granted discovery after having filed a note of issue and statement of readiness (22 NYCRR former 675.7; *Di Maria v Coordinated Ranches*, 114 AD2d 397). Lazer, J. P., Niehoff, Lawrence and Kooper, JJ., concur.