■ MARIA PALLOTTA, Respondent, v WEST BEND Co. et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from (1) so much of an order of the Supreme Court, Kings County (Krausman, J.), dated November 10, 1988, as denied their application for a further physical examination of the plaintiff, and (2) a judgment of the same court (Held, J.), entered February 3, 1989, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $306,520, representing awards of

$225,000 for past, present and future pain and suffering, $25,000 for past, present and future loss of enjoyment of life, $50,000 for mental anguish, and $6,520 for medical expenses.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by reducing the principal sum awarded to the plaintiff to $6,520, representing damages for medical expenses and adding thereto a provision severing the plaintiff's claims for damages for conscious pain and suffering and granting a new trial with respect thereto, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for conscious pain and suffering to the principal sum of $225,000, said reduction representing the vacatur of the awards for past, present and future loss of enjoyment of life and for mental anguish, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed; and it is further,

Ordered that in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The instant personal injury action arose after the plaintiff was scalded by hot oil when the handle-leg assembly of a skillet manufactured by the defendant West Bend Co. allegedly broke while she was lifting the appliance. Contrary to the defendants' contention, we find that the plaintiff adduced sufficient evidence, in the form of eyewitness and expert testimony, to establish a prima facie case on the issue of liability. Moreover, the trial court did not improvidently exercise its broad discretion in permitting the plaintiff's witness on the topic of phenolic plastics to testify as an expert in that area, inasmuch as the witness had engaged in extensive testing of phenolic plastic products in the past (see, Meiselman v Crown Hgts. Hosp., 285 NY 389; Karasik v Bird, 98 AD2d

359). Furthermore, viewing the evidence in the light most favorable to the plaintiff *(see, Ferrer v Harris,* 55 NY2d 285), we conclude that the jury's verdict as to liability was not against the weight of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493).

Similarly unavailing is the defendants' contention that the trial court interfered with the defense case. While the court did question some defense witnesses at length, it is clear from the record that these questions were intended both to clarify the testimony and to expedite the proceedings. The trial court's involvement did not interfere with the presentation of evidence or the cross-examination of witnesses, nor did the court display bias or prejudice against any party *(see, Gallo v Supermarkets Gen. Corp.,* 112 AD2d 345; *cf., Habenicht v R.K.O. Theatres,* 23 AD2d 378).

Additionally, the Supreme Court properly denied the defendants' pretrial application, made more than one year after the filing of the note of issue and statement of readiness, for a further physical examination of the plaintiff. The defendants failed to demonstrate that unusual or unanticipated circumstances had developed which warranted the granting of the application *(see,* 22 NYCRR 202.21 [d]; *Luboff v Temple Israel,* 109 AD2d 730), nor did they establish that new or additional injuries had occurred or that the nature and extent of the existing injuries had changed dramatically *(see, Korolyk v Blagman,* 89 AD2d 578). The defendants are correct in their related contention that the plaintiff violated 22 NYCRR 202.17 (h) by failing to turn over to them a medical report of an examination of the plaintiff conducted after the commencement of trial. However, while the trial court should have precluded the testimony of the plaintiff's physician as to the results of that examination, we find that the error in failing to do so was harmless, inasmuch as the physician's testimony merely concerned the size and appearance of burn scars on the plaintiff's body, and the jurors viewed these same scars first hand when the plaintiff exhibited them during the trial.

With respect to the jury charge, we note that the court committed no error in giving missing witness instructions with respect to a physician and a psychiatrist who examined the plaintiff on behalf of the defendants and who did not testify at the trial *(see, Rice v Ninacs,* 34 AD2d 388). However, the court did err in instructing the jurors that separate damages awards could be returned with respect to pain and suffering, loss of enjoyment of life and mental anguish *(see, Nussbaum v Gibstein,* 73 NY2d 912; *McDougald v Garber,* 73

NY2d 246; *Venable v New York City Tr. Auth.*, 165 AD2d 871). Inasmuch as the latter two items are merely elements of conscious pain and suffering, we have ordered a new trial on the issue of damages for conscious pain and suffering only, unless the plaintiff stipulates to the vacatur of the awards for loss of enjoyment of life and mental anguish.

We have considered the defendants' remaining contentions and find them to be without merit. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.