■ WENDY COHEN, Respondent, v CITY OF NEW YORK, Appellant.—In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Rosenzweig, J.), dated July 13, 1988, as, upon a jury verdict finding it 100% at fault in the happening of the accident, is in favor of the plaintiff and against it in the principal sum of $3,500,000.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $1,200,000, and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The defendant contends that a new trial on the issue of damages is required in this case, inasmuch as the trial court erroneously instructed the jurors that any amount awarded for the plaintiff's loss of enjoyment of life should be separate from and in addition to any award for conscious pain and suffering. While we agree that the charge was improper *(see, Nussbaum v Gibstein,* 73 NY2d 912; *McDougald v Garber,* 73 NY2d 246; *Pallotta v West Bend Co.,* 166 AD2d 637), the defendant expressly consented to forego an itemized verdict with respect to damages and instead agreed to a general verdict setting forth only the total sum of damages awarded to the plaintiff. Accordingly, in light of the defendant's actions, we cannot discern whether an award for loss of enjoyment of life was rendered and, if so, how much of the total damages is attributable to that award *(see, Hunt v Bankers Shippers Ins. Co.,* 50 NY2d 938).

However, we agree with the defendant's contention that the total amount of damages awarded is excessive to the extent indicated; hence, we have directed a new trial on the issue of damages unless the plaintiff stipulates to a reduction thereof. In the event that a new trial is held, the resulting damages award should be itemized pursuant to CPLR 4111 (f). Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.