■ HENRY L. FOX CO., INC., Appellant, v ARLENE SLEICHER, Respondent.—In an action to recover on a guarantee, the plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated September 14, 1990, which granted the defendant's motion, made after the filing of the note of

issue and certificate of readiness, to direct the plaintiff to appear for an examination before trial.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is denied.

It is well settled that a party who desires discovery after the filing of a note of issue must move for vacatur of the note of issue within 20 days after service of the note of issue (see, 22 NYCRR 202.21 [e]; Keane v Ranbar Packing, 121 AD2d 601). It is equally well established that the movant must demonstrate that "unusual and unanticipated circumstances develop[ed] subsequent to the filing of [the] note of issue and certificate of readiness which require pretrial proceedings to prevent substantial prejudice" (22 NYCRR 202.21 [d]; Bonavita v Crudo, 124 AD2d 619, 620; Keane v Ranbar Packing, supra). In the case at bar, the defendant complied with neither requirement, and is, therefore, not entitled to depose the plaintiff. Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.