■ KEITH G. GILBRIDE, Respondent-Appellant, v AMERICAN TRANSIT INSURANCE COMPANY, Appellant-Respondent. [621 NYS2d 552] —Judgment, Supreme Court, New York County (Angela Mazzarelli, J.), entered August 27, 1993, which, upon a jury verdict, awarded plaintiff the sum of $191,800 plus interest from the date of the verdict, unanimously affirmed, with costs payable to plaintiff.

The verdict was neither excessive nor against the weight of the evidence. The evidence submitted was sufficient to permit a charge to the jury that attorneys' fees incurred by plaintiff as a result of defendant's breach of the insurance contract were recoverable. Moreover, a missing witness charge with respect to the attorneys who performed services on behalf of plaintiff was not warranted. The court's inadvertent failure to charge that a defendant in Civil Court has 20 days to answer a complaint has not been preserved for review since defense counsel failed to object to the charge on this ground *(Bellefeuille v City & County Sav. Bank,* 40 NY2d 879, 880). Defendant's additional contention that the court erred in failing to specifically exclude certain claims for damages in its charge is both unpreserved and without merit since the parties agreed to a general verdict, thus precluding this Court from ascertaining whether or not it contained any improper damage claims *(see, Hunt v Bankers & Shippers Ins. Co.,* 50 NY2d 938; *Cohen v City of New York,* 171 AD2d 721).

Since the jury rendered a general verdict without specifying

the date from which interest was to be computed, the court properly determined such date (CPLR 5001 [c]). Finally, the court properly refused to allow plaintiff to prove punitive damages *(see, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603).

We have considered the other contentions raised and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Asch and Rubin, JJ.