◼ Roxanne Gernhardt, Respondent, v New York City Transit Authority, Appellant. [633 NYS2d 397] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated June 10, 1994, which granted the plaintiff's motion to restore the action to the trial calendar.

Ordered that the order is reversed, on the facts, with costs, and the plaintiff's motion to restore the action to the trial calendar is denied.

Following a trial that was completed on January 30, 1991, the Supreme Court set aside the verdict on the issue of damages and set the matter down for a new trial on that issue. In May 1994, the plaintiff moved to restore the action to the trial calendar. At approximately the same time, the plaintiff's counsel sent a letter to the defendant's counsel advising him that, since the conclusion of the trial, the plaintiff underwent four additional surgeries, including one for a total knee replacement, and that she was admitted to a psychiatric institute for the treatment of psychological problems that were a result of

her physical disabilities. The plaintiff's counsel also advised the defendant's counsel that the plaintiff was unable to walk, that she had not returned to work, and that she was being treated for reflex sympathetic dystrophy.

Under these circumstances, in which the plaintiff has alleged a substantial change of circumstances, we conclude that it was an improvident exercise of the Supreme Court's discretion to restore the action to the trial calendar without affording the defendant the opportunity to conduct additional discovery, including re-examinations of the plaintiff, if necessary *(see, Buerger v County of Erie,* 101 AD2d 1025). We note that the plaintiff will be entitled to move again to restore the action to the trial calendar at the conclusion of any additional discovery. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.