■ JACQUELYN A. STELLA, Respondent, v MIR AHMED et al., Appellants. [637 NYS2d 472] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated October 11, 1994, as denied their motion to compel the plaintiff to submit to a physical examination or, alternatively, to preclude the plaintiff from introducing any evidence of orthopedic complaints, treatment, or disability at trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

A party who seeks discovery after the filing of a note of issue must move for vacatur of the note of issue within 20 days after service of the note of issue (*see*, 22 NYCRR 202.21 [e]; *Fox Co. v Sleicher*, 186 AD2d 537, 538; *Keane v Ranbar Packing*, 121 AD2d 601). In addition, the movant must demonstrate that unusual and unanticipated circumstances developed subsequent to the filing of the note of issue and certificate of readiness which required pretrial proceedings to prevent substantial prejudice (*see*, 22 NYCRR 202.21; *Bonavita v Crudo*, 124 AD2d 619, 620; *Keane v Ranbar Packing, supra; Fox Co. v Sleicher, supra*). Here, the defendants failed to comply with either requirement. The defendants' motion was made after they were served with the plaintiff's verified bill of particulars, and the plaintiff does not allege new or additional injuries or that the nature and extent of her existing injuries had changed dramatically (*see, Pallotta v West Bend Co.*, 166 AD2d 637, 639; *Luboff v Temple Israel*, 109 AD2d 730). Moreover, the defendants failed to show why the information obtained from their prior examination of the plaintiff and from other discovery was inadequate (*see, Gomez v Long Is. R. R.*, 202 AD2d 633). Mangano, P. J., Miller, Copertino, Santucci and Hart, JJ., concur.