■ RONALD BOGARD, Appellant, v RODMAN W. PAUL, JR., et al., Respondents. [643 NYS2d 999]

Under the broad arbitration clause prepared by plaintiff as attorney for all parties herein, the causes of action were properly directed to arbitration by the motion court. There are no public policy considerations involved in this purely personal dispute which would impel a court not to honor the parties' agreement providing for arbitration (see, Matter of Wertlieb. [Greystone Partnerships Group], 165 AD2d 644).

As to plaintiff's cross motion, a sufficient question of fact is presented on the issue of continuous representation so as to preclude dismissal of the counterclaims on Statute of Limitations grounds (see, Weiss v Manfredi, 83 NY2d 974, 977).

We have considered plaintiff's other contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ross and Tom, JJ.

■ ANTHONY DINNOCENZO, Respondent, v JORDACHE ENTERPRISES, INC., et al., Appellants. [644 NYS2d 200]

The trial court properly exercised its discretion in granting plaintiff's motion to mark the case off the calendar (CPLR 3401) in consideration of plaintiff's need to subpoena a witness, and of in limine exclusion of the testimony of plaintiff's expert (cf., Scarburgh Co. v American Mfrs. Mut. Ins. Co., 65 AD2d 694; Keane v Ranbar Packing, 121 AD2d 601). Any prejudice caused defendants was remedied by the imposition of $2,500 in costs to be paid to each. The subsequent grant of a 30-day extension to pay these costs was proper given the overriding policy of allowing cases to be decided on their merits. Concur—Rosenberger, J. P., Ellerin, Rubin and Kupferman, JJ.