■ EUGENE FRANGELLA et al., Appellants, v DAVID SUSSMAN, Respondent. [679 NYS2d 87] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Levine, J.), dated September 11, 1997, which denied their motion to vacate a prior order of the same court, dated April 11, 1997, which granted the oral application of the defendant and directed the plaintiff Eugene Frangella to submit to a second psychiatric examination by the defendant's newly-designated psychiatric expert.

Ordered that the order dated September 11, 1997, is reversed, on the law, with costs, the plaintiffs' motion is granted, and the order dated April 11, 1997, is vacated.

We agree with the plaintiffs that the Supreme Court improvidently exercised its discretion in granting the defendant's application to compel the plaintiff Eugene Frangella to undergo a second psychiatric examination by a newly-designated defense expert. The plaintiff was previously examined by a defense expert who essentially concurred that the plaintiff's emotional and mental injuries were proximately caused by the physical injuries allegedly resulting from the defendant's medical malpractice. The defendant failed to comply with a pretrial conference order directing the disclosure of the expert's report, and then, on the eve of trial, sought to have the plaintiff submit to a second examination by a new expert. The Supreme Court granted the defendant's oral application, unsupported by any evidentiary showing, and denied the plaintiffs' subsequent motion to vacate. We reverse.

Examining physicians' written reports "shall be delivered by the party seeking the examination to any party requesting to exchange therefor a copy of each report in his control of an examination made with respect to the mental or physical condition in controversy" (CPLR 3121 [b]). As was recited in the court's pretrial conference order, the exchange was to be made within 45 days after completion of the examination (*see,* 22 NYCRR 202.17 [c]). The defendant did not comply with this directive and did not, contrary to his assertion, have the discretion to withhold the written report of his examining psychiatrist even if he chose not to utilize the expert as a trial witness. Rather, his remedy was to seek, by noticed motion, relief from compliance with the pretrial conference order (*see,* 22 NYCRR 202.17 [j]).

Furthermore, the defendant failed to demonstrate that unusual and unanticipated circumstances developed subsequent to the filing of the note of issue to justify a second examination (*see,* 22 NYCRR 202.21; *Stella v Ahmed,* 223 AD2d 698). The defendant's application was made long after he was served with the plaintiffs' bill of particulars, and the plaintiffs have never alleged new or additional injuries or that the nature and extent of the existing injuries have changed dramatically (*see, Stella v Ahmed, supra; see also, Pallotta v West Bend Co.,* 166 AD2d 637, 639). Moreover, the defendant failed to show why the information obtained from the prior examination was inadequate, or that the first doctor was unqualified to render an evaluation (*see, Stella v Ahmed, supra; see also, Strauss v New York Ethical Culture Socy.,* 210 AD2d 134; *Korolyk v Blagman,* 89 AD2d 578, 579). Finally, the defendant's dissatisfaction with his chosen expert's diagnosis of the plaintiff's condition does not warrant a second examination by a new expert (*see, Massachusetts Bay Ins. Co. v Stamm,* 237 AD2d 145). Therefore, the Supreme Court's order denying the plaintiffs' motion to vacate the prior determination must be reversed, and the prior order vacated. Rosenblatt, J. P., Miller, Goldstein and McGinity, JJ., concur.