OPINION OF THE COURT
Ariel E. Belen, J.
Plaintiffs Nelson and Marilyn Mas (hereinafter plaintiffs) move for an order (i) restoring this matter to the active calendar, and (ii) substituting Dellie M. Sonenberg, as executrix of the estate of Ann Ellis, as party defendant. Defendant cross-moves for an order, pursuant to CPLR 3101, compelling further discovery from plaintiffs, including a further deposition and independent medical examinations.
Background
The underlying action involves a claim for various personal injuries sustained by plaintiff Nelson Mas on April 30, 1991. He claims that he fell on a defective step in premises located at 323 West 74th in New York, New York. The premises were owned by defendant Ann Ellis (hereinafter defendant or Ms. Ellis).
The record reveals that examinations before trial of Mr. Mas and Ms. Ellis were taken in December 1992 and independent medical examinations of Mr. Mas occurred in March 1994 and April 1996. Plaintiffs filed a note of issue on October 17, 1997 indicating that the matter was ready to be placed on the Trial Calendar. A trial conference scheduled for April 2, 1998, in front of Justice Gerald Garson, was canceled due to an automatic stay created by the insolvency of defendant’s insurance carrier, First Central Insurance Company. After the stay was lifted, the matter was scheduled for trial on October 20, 1999. On that date, the matter was taken off the active calendar after plaintiffs were advised that defendant had died on February 14, 1995 leaving a last will and testament naming her daughter, Dellie M. Sonenberg, as the sole executrix.
*872 The record further reveals that Mr. Mas was involved in a motor vehicle accident in December 1998, at which time he received injuries to some of the same areas he claims to have injured in his fall on defendant’s premises, including a disk herniation at L5-S1.
Plaintiffs’ Motion
Plaintiffs move for an order (i) restoring this matter to the active calendar, and (ii) substituting Dellie M. Sonenberg, as executrix of the estate of Ann Ellis, as party defendant.
Pursuant to CPLR 1015 (a) “[i]f a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties.” As tort actions for personal injuries survive the death of a party (see, EPTL 11-3.1; Egrini v Brookhaven Mem. Hosp., 133 AD2d 610), the court hereby orders that Dellie M. Sonenberg is substituted in her representative capacity as executrix of the estate of Ann Ellis as party defendant. The amended caption shall read as follows:
NELSON MAS and MARILYN MAS,
Plaintiff(s),
-against- Index No. 16326/92
DELLIE M. SONENBERG, as Executrix of the estate of ANN ELLIS,
Defendant(s).
-X
The court now turns to that branch of plaintiffs’ motion that seeks to restore the case to the active calendar. Pursuant to section 212.14 (c) of the Uniform Rules for Trial Courts (22 NYCRR) “[a]ctions stricken from the calendar may be restored to the calendar * * * by motion on notice to all other parties, made within one year after the action is stricken. A motion must be supported by affidavit of a person having firsthand knowledge, satisfactorily explaining the reasons for the action having been stricken and showing that it is presently ready for trial.” The court notes that this case was taken off the active calendar when plaintiff was informed that Ms. Ellis had died, leaving Ms. Sonenberg as the executrix of her estate. Plaintiffs, through their attorney, submit an affirmation explaining the reasons this matter was stricken and requesting that the mat *873 ter be restored to the active calendar. For reasons discussed below in relation to defendant’s cross motion, plaintiffs’ motion to restore the case to the active calendar is granted to the extent that the case shall be restored to the active calendar, no sooner than 75 days following the entry of this order.
Defendant’s Cross Motion
Defendant cross-moves for an order pursuant to CPLR 3101 compelling further discovery from plaintiffs, including a further deposition and independent medical examinations. This request arose out of information contained in a notice served by plaintiffs’ counsel in November 1999 designating Dr. Philip Taylor as an expert medical witness at trial. This notice included a report prepared by the doctor which indicated that Mr. Mas had been involved in a December 1998 motor vehicle accident and it appears that some of the injuries he had received as a result of falling down the stairs had been aggravated by the subsequent accident.
Defendant’s counsel served a notice of discovery and inspection on November 24, 1999 requesting various authorizations. On or about December 17, 1999, plaintiffs’ counsel supplied five authorizations to defendant’s counsel White, Quinlan, Staley & Ledwith, L. L. P. However, in mid-December 1999, Deegan & Deegan, L. L. P., replaced White, Quinlan, Staley & Ledwith, L. L. P., as defendant’s trial counsel. As such, the authorizations were no longer valid. Deegan & Deegan then requested that plaintiffs’ counsel issue new authorizations naming them as the proper party to receive the information requested. This request was never complied with. In addition, defendant now requests in this cross motion that Mr. Mas be produced for further limited deposition testimony and an independent medical examination.
Defendant argues that pursuant to CPLR 3101 (a) “[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof.” Defendant contends that Dr. Taylor’s finding that Mr. Mas may now need surgical removal of a herniated lumbar disk at L5-S1 renders it necessary to depose Mr. Mas and examine him to ascertain whether the claimed need for surgery is the result of the original April 1991 accident, the December 1998 motor vehicle accident, or some combination of both.
The court notes that Dr. Taylor’s findings are in contrast to the findings of two of the defendant’s doctors who examined *874 Mr. Mas. Dr. Ebin, a radiologist, determined that the disk herniation at L5-S1 is indicative of chronic degenerative spinal disease which is a pre-existing condition and is unrelated to the accident of April 30, 1991. In addition, Dr. Godsick, an orthopedist who examined Mr. Mas in March 1994, found that there was minimal narrowing at L5-S1. Plaintiffs’ attorney argues that defendant’s request should be denied as further discovery at this point would not meaningfully assist the defendant and only serve to slow down the disposition of this suit.
It is well settled that absent unanticipated circumstances a party cannot seek discovery after a note of issue has been filed (see, Audiovox Corp. v Benyamini, 265 AD2d 135; Schenk v Maloney, 266 AD2d 199; Frangella v Sussman, 254 AD2d 391, 392; Stella v Ahmed, 223 AD2d 698; Bonavita v Crudo, 124 AD2d 619, 620). In fact, 22 NYCRR 202.21 (d) states that: “[wjhere unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness which require additional pretrial proceedings to prevent substantial prejudice, the court, upon motion supported by affidavit, may grant permission to conduct such necessary proceedings.”
The court finds that Mr. Mas’ subsequent motor vehicle accident and possible aggravation of alleged injuries which were initially sustained as a result of his fall on April 30, 1991, and the probable need for surgery, along with the long passage of time from the original examinations by defendant’s doctors, present such unusual and unanticipated circumstances to justify the further disclosure sought by defendants (see, Stella v Ahmed, supra; Huggins v New York City Tr. Auth., 225 AD2d 732, 733; Korolyk v Blagman, 89 AD2d 578, 579).
The Second Department recently held in Audiovox Corp. v Benyamini (supra, at 139) that “[t]he common thread in the cases allowing further discovery is some occurrence after the filing of a note of issue that is not in the control of the party seeking further discovery and which causes actual rather than potential prejudice.” In the instant case, several events occurred after the note of issue was filed that were not in defendant’s control. First, when the case was to proceed to trial on April 2, 1998, there was an automatic stay resulting from the insolvency of defendant’s insurance carrier. Thereafter, while again preparing to go to trial, defendant first learned in November 1999 that Mr. Mas had been involved in a subse *875 quent accident in December 1998 and it was alleged that he had aggravated injuries originally sustained in the April 1991 fall.
Accordingly, the court finds that these occurrences, after the note of issue was filed, result in actual prejudice to defendant in attempting to defend against this lawsuit and warrant the granting of defendant’s cross motion seeking additional discovery. Therefore, the court orders that the previously requested authorizations be forwarded to defendant’s counsel within 15 days of the entry of this order; that Mr. Mas submit to a limited further deposition pertaining solely to his physical complaints and medical treatment from the time of his last deposition in December 1993 to present, such deposition to take place within 45 days of entry of this order; and that Mr. Mas submit to a follow-up independent medical examination by two separate doctors of defendant’s choosing within 60 days of entry of this order. The court notes that no extension of time shall be given for this discovery to take place. As stated above, this case shall be restored to the active calendar no sooner than 75 days after entry of this order and no later than 90 days after entry of this order.