Carter v R.P. Stellar Riverton, LLC (2020 NY Slip Op 51119(U))

[*1]

Carter v R.P. Stellar Riverton, LLC

2020 NY Slip Op 51119(U) [69 Misc 3d 127(A)]

Decided on September 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-2512 K C

Glendora J. Carter, as Administrator of the
Estate of Dianne Richards, Respondent, 
against
R.P. Stellar Riverton, LLC and Stellar Management, LLC, Appellants,
Emma Pelgrino, Defendant. 

Baker, Greenspan & Bernstein, Esqs. (Robert L. Bernstein, Jr. of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP (Brian J. Isaac and Michael H. Zhu of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sharon
A.B. Clarke, J.), entered October 18, 2018. The order, insofar as appealed from as limited by the
brief, granted the branch of plaintiff's motion seeking to restore the action to the calendar.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and the
branch of plaintiff's motion seeking to restore the action to the calendar is denied without
prejudice to renewal in accordance with this decision and order.
In December 2008, Dianne Richards commenced this action in the Supreme Court, Kings
County, to recover for injuries she had sustained when a kitchen cabinet had fallen off a wall and
caused her to fall at premises owned, operated, managed and/or controlled by R.P. Stellar
Riverton, LLC and Stellar Management, LLC (defendants). After discovery orders had been
entered into and not complied with, the Supreme Court, in an October 2014 order, granted
plaintiff's motion to strike defendants' answer to the extent of precluding defendants from
presenting evidence on the issue of liability. In September 2016, the matter was transferred to the
Civil Court pursuant to CPLR 325 (d). 
In August of 2017, the parties were ready for trial, but the matter was struck from the
calendar because Dianne Richards was in a coma. Shortly thereafter, Dianne Richards died. After
Glendora J. Carter (plaintiff) was appointed as administrator, she moved to be substituted as
plaintiff in the action and to restore the matter to the calendar. Defendants opposed the motion
only to the extent that they wanted to conduct further discovery with respect to Dianne Richard's
unrelated medical condition, which had impacted her enjoyment of life. The Civil Court granted
[*2]plaintiff's motion. Defendants appeal, as limited by their
brief, from so much of the order as restored the matter to the active trial calendar, arguing that
they have the right to conduct additional discovery with respect to damages.
Here, where there has been a substantial change of circumstances, i.e., the death of Dianne
Richards, it was an improvident exercise of the Civil Court's discretion to restore the action to the
active trial calendar without affording defendants the opportunity to conduct additional discovery
with respect to her subsequent, unrelated medical condition and loss of enjoyment of life (see
Gernhardt v New York City Tr. Auth., 221 AD2d 502 [1995]; Buerger v County of
Erie, 101 AD2d 1025 [1984]). Plaintiff shall be permitted to move again to restore the action
upon the completion of discovery. In the event defendants have not served demands for
additional discovery within 30 days of this decision and order, plaintiff may move again to
restore the action, which motion shall be granted unless defendants show good cause why they
have not served such demands.
Accordingly, the order, insofar as appealed from, is reversed and the branch of plaintiff's
motion seeking to restore the action to the calendar is denied without prejudice to renewal.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 11, 2020