Andrade v Frog Hollow Indus., Inc. (2022 NY Slip Op 04146)

Andrade v Frog Hollow Indus., Inc.

2022 NY Slip Op 04146

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-04796
 (Index No. 604433/17)

[*1]Amanda Andrade, respondent, 
v
Frog Hollow Industries, Inc., et al., appellants.

McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Jericho, NY (Patrick M. Murphy of counsel), for appellants.
Kenneth J. Ready, Mineola, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered April 2, 2021. The order denied that branch of the defendants' motion which was, in effect, to compel the plaintiff to submit to a medical examination by "an OB/GYN physician."
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for injuries she allegedly sustained when the vehicle she was driving was involved in a collision with a vehicle owned by the defendant Frog Hollow Industries, Inc., and operated by the defendant Linda A. Virgilio. In a bill of particulars, the plaintiff alleged that, as a result of the accident, she sustained numerous bone fractures in her hip, spine, and pelvic area. Subsequently, in an expert witness disclosure filed pursuant to CPLR 3101(d), the plaintiff stated that she intended to call one of her treating physicians as a witness at trial, and that he was expected to testify that the plaintiff's hip, pelvic, and spinal injuries would compromise the plaintiff's future childbearing ability, in that those injuries would make it difficult for her to carry the weight of a fetus in utero and would "render normal vaginal delivery potentially medically contraindicated, difficult and/or impossible."
The defendants thereafter moved to compel the plaintiff to provide an authorization granting the defendants access to her "OB/GYN records for five (5) years prior to the accident, to date," and, in effect, to compel the plaintiff to submit to a medical examination by "an OB/GYN physician." In response, the plaintiff provided the defendants with the requested authorization, but otherwise opposed the motion. In an order entered April 2, 2021, the Supreme Court denied that branch of the defendants' motion which was, in effect, to compel the plaintiff to submit to a medical examination by "an OB/GYN physician." The defendants appeal.
Under CPLR 3101(a), parties are entitled to "full disclosure of all matter material and necessary in the prosecution or defense of an action." "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court" (Encalada v Riverside Retail, LLC, 175 AD3d 467, 469; see Andon v 302-304 Mott St. [*2]Assoc., 94 NY2d 740, 746).
The defendants contend that the Supreme Court should have granted their request to compel the plaintiff to undergo an obstetrical or gynecological examination, since the plaintiff, having alleged "solely orthopedic injuries" in her bill of particulars, subsequently asserted new injuries in her expert witness disclosure. Contrary to the defendants' contention, the plaintiff did not "allege[ ] new or additional injuries or that the nature and extent of the existing injuries have changed dramatically" (Frangella v Sussman, 254 AD2d 391, 392; see Pallotta v West Bend Co., 166 AD2d 637, 639). Rather, the plaintiff merely asserted that her expert witness would testify that the already-disclosed orthopedic injuries to her hip, pelvis, and spine would, among other things, make it difficult for her to bear the weight of a fetus during any future pregnancy, and make a vaginal delivery either contraindicated or impossible. The defendants made no showing that an examination of the type normally performed by an obstetrician or a gynecologist could produce any useful evidence regarding the effect that the plaintiff's bone fractures will have on her future childbearing ability.
Accordingly, the Supreme Court did not improvidently exercise its discretion in determining that a medical examination of the plaintiff by "an OB/GYN physician" was not material and necessary to the defense of this action, and the court properly denied that branch of the defendants' motion which was, in effect, to compel the plaintiff to submit to such an examination.
IANNACCI, J.P., ROMAN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court